317 So.2d 179 (1975)
TEACHERS' RETIREMENT SYSTEM OF LOUISIANA
v.
Mrs. Susan Gueydan VIAL et al.
No. 55765.
Supreme Court of Louisiana.
June 23, 1975.
Rehearing Denied September 5, 1975.
*180 Darrell D. White, White & May, Baton Rouge, for defendant-applicant.
William J. Guste, Jr., Atty. Gen., William T. Reeves, Jr., Staff Atty., Baton Rouge, for plaintiffs-respondents.
Gordon B. Hyde, Curtis, Foster, Hyde & Mooney, New Orleans, for defendant-respondent.
MARCUS, Justice.
This matter originated as a concursus proceeding[1] invoked by the Louisiana Attorney *181 General as representative of the Teachers' Retirement System of Louisiana to determine the rightful owner of retirement funds deposited in the system from the earnings of the late Richard John Vial, Jr., during a period commencing on August 1, 1936 and ending with Vial's death on January 13, 1973. The decedent's daughter, Patsye Vial Keller, and his surviving spouse, Susan Gueydan Vial, were impleaded and required to assert their respective claims against each other. The trial court determined from the uncontested and stipulated facts that, as the designated beneficiary of the decedent, Mrs. Vial was entitled to the accumulated contributions deposited by representatives of the retirement system in the registry of the court.
Mrs. Keller appealed, and the court of appeal affirmed the judgment of the district court. Teachers' Retirement System of Louisiana v. Vial, 304 So.2d 53 (La.App. 1st Cir. 1974). We granted Mrs. Keller's application for a writ of certiorari to review the judgment of the court of appeal. 307 So.2d 367 (La.1975).
As noted above, there is no factual dispute here. According to the stipulation of facts made by counsel for both sides, the decedent was a member of the retirement system from its inception in 1936 until his death in 1973. He originally designated his first wife, Ethel (who was the mother of his daughter Patsye), as his beneficiary in the event of his death prior to retirement. Upon Ethel's death in 1970, he designated Patsye as his beneficiary.
More than a year later, in 1971, Richard Vial remarried, taking Susan Gueydan as his wife. He then designated her as his beneficiary, revoking all prior designations. No other changes in that designation were made prior to the decedent's death in 1973.
Mrs. Keller argues here, as in the courts below, that, as the sole heir of her father's succession, she is entitled to the funds accumulated in the retirement system as a part of his estate. In order to have the proceeds declared part of her father's estate, Mrs. Keller challenges the constitutionality of the statute that establishes the method by which a member of the retirement system may disburse the funds accumulated in his or her favor in the event of death prior to retirement and exclude the disbursement from the rules of successions and donations. Additionally, she urges that the statute in question contravenes the articles of the Civil Code prescribing rules of form for donations mortis causa. In the event that the funds are not returned to her father's succession, Mrs. Keller alternatively seeks: (1) as sole heir to her mother's succession, reimbursement for contributions made to the retirement fund from the community earnings of her father in the amount of one-half the resulting enhanced value of his separate estate; and (2) as sole forced heir to her father's succession, reduction of the funds disbursed to the beneficiary by the amount that impinges her legitime.

I.
Established in 1936 pursuant to constitutional authorization[2] and enrolled as part of the Louisiana Revised Statutes in 1950,[3] the state teachers retirement system provides retirement allowances and other benefits for teachers in the state public school system. The benefits accruing to a teacher-member of the retirement system are assignable only as provided in the act.[4] Where a member dies prior to retirement, the contributions accumulated to his credit are, with certain exceptions not relevant here,[5] payable on demand to his designated *182 beneficiary.[6] The designation of a beneficiary is made by the member completing a form provided by the administrators of the retirement system.

II.
The decedent's daughter, Mrs. Keller, contends that the statutory retirement plan allows the disposition of a member's accumulated contributions in contravention of the Louisiana Constitution. Article 4, section 4 of the constitution of 1921[7] provides, inter alia, that
[t]he Legislature shall not pass any local or special law on the following specified subjects:
. . . . . .
Changing the law of descent or succession.
. . . . . .
Giving effect to informal or invalid wills or deeds, or to any illegal disposition of property.
. . . . . .
Relying on jurisprudence that likened the death benefits paid here to death benefits paid according to the terms of a policy of life insurance,[8] the court of appeal reasoned that, since the accumulated funds formed no part of the estate of the decedent and inured to the beneficiary directly and solely by the designation of beneficiary made by the decedent according to the statutory terms of the retirement system, the rules of the Civil Code relating to donations mortis causa had no application.[9] Hence, it concluded that whether the statutory procedure by which the funds were transferred complied with the laws of descent or succession or gave effect to an illegal disposition of property constituted an "irrelevant inquiry."[10]

III.
The prohibition imposed on the legislative power by article 4, section 4 of the 1921 constitution is not absolute; rather, the constitution proscribes only the enactment of local or special laws on twenty-one prohibited subjects. Hence, at the outset, we must determine whether the statutes authorizing the disbursement of death benefits under the teachers' retirement system[11] constitute special laws.[12] If the statutes in question are found to be special laws, the constitutional proscription is applicable here, and the statutes must withstand constitutional scrutiny. If the statutes are found to be general in nature rather than special, the limitations of article 4, section 4 are not applicable, and the constitutional attack must fall.
*183 General laws are those that operate equally and uniformly upon all persons brought within the relations and circumstances for which they provide or that operate equally upon all persons of a designated class founded upon a reasonable and proper classification.[13] In contrast, a statute is special if it affects only a certain number of persons within a class and not all persons possessing the characteristics of the class.[14] In essence, a special law is one directed to secure some private advantage or advancement for the benefit of private persons.[15] Viewed in this context, the constitutional proscription against special laws on certain subjects, including the rules on successions and donations, represents an important safeguard against the abuse of legislative power on behalf of special interests.
In light of these principles, we are unable to say that the statutes in question are special laws within the meaning of article 4, section 4. The teachers' retirement system is founded upon a classification that embraces, with narrow exception, all teachers in state public schools.[16] This classification is reasonable and applies uniformly to persons possessing the controlling characteristic of the class, viz., employment as a teacher within the public schools of Louisiana. Accordingly, the statute is a general law and not subject to the limitations placed on the passage of special laws by article 4, section 4 of the 1921 constitution. For this reason, the constitutional attack on the statutes governing the disbursement of death benefits from a deceased member's retirement fund is without merit.
It is also claimed that the disbursement of death benefits here violates the rules in the Civil Code on donations, which prescribe various forms that the gift must assume in order to be valid.[17] To the extent that the statutes permit the assignment of death benefits by mere completion of a printed form, they clearly conflict with the Civil Code rules on donations. However, where two statutes are in conflict, the statute that is more specifically directed to the matter at issue must prevail as an exception to the statute that is more general in character.[18] Hence, the statutory method by which teachers' retirement death benefits are assigned constitutes an exception to the Civil Code requirements of form ordinarily applicable to donations, and, as such, the assignment is not subject to attack as a donation invalid for want of form.

IV.
Alternatively, Mrs. Keller seeks reimbursement of her mother's estate for one-half the enhanced value accruing to her father's separate estate as a result of the retirement fund contributions from his salary. As the court of appeal correctly observed, as sole heir to both her mother's and her father's estates, Mrs. Keller is both creditor and debtor of the same amount. Under these circumstances, the debt is extinguished by confusion.[19]

*184 V.
The only issue remaining for decision is whether, as the sole forced heir to her father's succession, Mrs. Keller is entitled to a reduction of the benefits disbursed to Mrs. Vial as a donation impinging on her legitime. We need not decide the effect of the application of article 4, section 16 of the 1921 constitution,[20] which proscribes the passage of any law (local or special) that abolishes forced heirship, to the statutes in question, as the record clearly reveals that Mrs. Keller's legitime was satisfied by the amounts she received from her father's succession.[21]

CONCLUSION
As general laws, the statutes governing the assignment of death benefits within the teachers' retirement system are not subject to the constitutional proscriptions contained in article 4, section 4 of the Louisiana Constitution of 1921. Further, the statutes must be regarded as exceptions to the statutory rules of form ordinarily applicable to donations. In sum, an assignment of death benefits made in conformity with the applicable statutes constitutes a valid disposition of those funds.

DECREE
For the reasons assigned, the judgment of the court of appeal is affirmed.
BARHAM, J., concurs.
NOTES
[1] See La.Code Civ.P. arts. 4651-62 (1966).
[2] La.Const. art. 12, § 23 (1921), as amended, La.Acts 1946, No. 394; La.Acts 1936, No. 83 (regular session).
[3] La.R.S. 17:571-704 (1950).
[4] Id. 17:573, as amended, La.Acts 1952, No. 418, § 1.
[5] Id. 17:631.1, as amended, La.Acts 1974, No. 351, § 1.
[6] Id. 17:640, as amended, La.Acts 1971, No. 5, § 5.
[7] The constitution of 1921 was in force and effect to govern the disposition of funds of which Mrs. Keller complains. The new state constitution, which became effective at midnight of December 31, 1974, contains a similar provision. La.Const. art. 3, § 12(A)(2) (1974).
[8] See, e.g., Scott v. Scott, 179 So.2d 656 (La.App. 2d Cir. 1965). For a thorough discussion of the admixture of orthodox civilian theory and the law of insurance in Louisiana see Nabors, Civil Law Influences Upon the Law of Insurance in Louisiana, 6 Tul.L.Rev. 369 (1932).
[9] Teachers' Retirement System of Louisiana v. Vial, 304 So.2d 53, 55-58 (La.App.1st Cir. 1974).
[10] Id. at 58.
[11] See notes 4 and 6 supra.
[12] The jurisprudence has often failed to distinguish between "local" and "special" laws, in effect treating them as the same. A "local" law is one that operates only in a particular locality without the possibility of extending its coverage to other areas should the requisite criteria of its statutory classification exist there. Comment, General and Special Laws in Louisiana, 16 La.L.Rev. 768, 770 (1956) [hereinafter cited as Comment]. Clearly, the statutes governing the teachers' retirement system are not restricted in their application to any particular locale; hence, they are not, in any sense, "local" laws.
[13] E. g., Knapp v. Jefferson-Plaquemines Drainage Dist., 224 La. 105, 68 So.2d 774 (1953); State v. Clement, 188 La. 923, 178 So. 493 (1938); State v. Dalon, 35 La.Ann. 1141 (1883). For a thorough analysis of general and special laws in Louisiana see generally Comment, supra note 12.
[14] E. g., Kotch v. Board of River Port Pilot Comm'rs., 209 La. 737, 25 So.2d 527 (1946), aff'd, 330 U.S. 552, 67 S.Ct. 910, 91 L.Ed. 1093 (1947).
[15] State ex rel. Grosch v. City of New Orleans, 211 La. 241, 29 So.2d 778 (1947); State v. Dalon, 35 La.Ann. 1141 (1883).
[16] La.R.S. 17:591-93 (1950).
[17] See La.Civil Code arts. 1536-39, 1570 (1870).
[18] E. g., Arata v. Louisiana Stadium and Exposition District, 254 La. 579, 608-09, 225 So.2d 362, 372, cert. denied, Schwegmann v. Louisiana Stadium and Exposition District, 396 U.S. 279, 90 S.Ct. 569, 24 L.Ed.2d 467 (1969).
[19] La.Civil Code art. 2217 (1870).
[20] The Legislature may authorize the creation of express trusts for any purpose, including but not limited to private trusts, trusts for the benefit of employees, trusts for educational, charitable, or religious purposes, and mixed trusts for any combination of purposes. Substitutions not in trust are and remain prohibited; but trusts may contain substitutions to the extent authorized by the Legislature. No law shall be passed abolishing forced heirship; but the legitime may be placed in trust to the extent authorized by the Legislature. Children lawfully adopted shall become forced heirs to the same extent as if born to the adopter and shall retain their rights as heirs of their blood relatives, but their blood relatives shall have their rights of inheritance from these children terminated.

La.Const. art. 4, § 16 (1921) as amended, Acts 1962, No. 521 (emphasis added). For a similar proscription in the new constitution see La.Const. art. 12, § 5 (1974).
[21] As sole forced heir of her father, Mrs. was entitled to one-third of his succession. La.Civil Code art. 1493 (1870). Aggregating the amounts for the sake of argument, the decedent's estate and the death benefits disbursed to Mrs. Vial totaled $96,449.79. Mrs. Keller's inheritance amounted to $66,969.00, clearly more than her forced portion would be, even if the succession value was calculated in that manner.