SHORTESS, Judge.
With an opinion designated “Not for Publication,” Docket No. 83CM0419, rendered June 28,1983, entitled “Elois Wesley, et al. vs. Dr. Richard M. Moon, et al.,” we denied a motion to dismiss an unlodged appeal filed by Hoffman-LaRoche, Inc., and Dr. Richard M. Moon. We noted therein that we were denying the motion because there was no documentation that a motion for new trial had not been filed accompanying the motion to dismiss.
An amended and supplemental motion to d'smiss the unlodged appeal has now been filed by Richard M. Moon, M.D., and Hoffman-LaRoche, Inc. Along with the motion is a certificate from the Clerk of Court for the 19th Judicial District Court that no motion for new trial was timely filed.
Documentation of the following dates and facts has been provided by movers:
1. December 3, 1982 — judgment rendered;
2. December 7, 1982 — -judgment signed;
3. March 7, 1983 — motion for appeal filed;
4. March 15, 1983 — motion for appeal signed.
The trial judge did not take the case under advisement and ruled from the bench. No request for notice of judgment was made. No notice of judgment was required to be given. La.C.C.P. art. 1913. The delay for a new trial began to run on the day after the signing of the judgment. La.C.C.P. art. 1974. The delays began on December 8, 1982, and ran seven days, exclusive of holidays, through December 16, 1982.
The time for taking a devolutive appeal under La.C.C.P. art. 2087(1) began to run on December 17, 1982. It expired 60 days later on February 14, 1983, at which time the judgment of the trial court became final.
Defendant’s appeal was filed on March 7, 1982, and was signed on March 15, 1982. Both dates are well after the prescribed time limit set forth in the Code of Civil Procedure. Since the appellant failed to appeal within the delays allowed by law, this court is without jurisdiction to hear this appeal under La.C.C.P. art. 2088. McKean v. Campbell, 392 So.2d 129 (La.App. 1st Cir.1980).
We note, ex proprio motu, that appellant’s counsel gave his address as 1261 Government Street, Baton Rouge, Louisiana 70802, when he filed his untimely appeal. This court’s show cause order mailed to that address was returned by the U.S. postal authority with a forwarding address noted on the envelope. The notice sent to the suggested forwarding address was returned and marked “unclaimed.” Counsel is under an obligation to keep the court informed as to his correct address. La.C. C.P. art. 863; Uniform Rules, Courts of Appeal 2-1.3(7).
The motion to dismiss is granted at appellant’s costs.
APPEAL DISMISSED.