ALFORD, Judge.
This is an appeal from a summary judgment rendered in favor of the defendant-appellee, Theriot-Modec Enterprises, Inc., as a statutory employer, and against the plaintiff-appellant, Donald R. Cleveland.[1]
In their answer, the defendants contend that the appeal should be dismissed because the devolutive appeal was taken after the delays for appeal had run. We agree and dismiss the appeal as untimely.
Documentation of the following dates and facts is included in the record:
1. June 2, 1983 — judgment rendered and signed by the trial court judge after taking the case under advisement
2. June 9, 1983 — clerk mailed notice of judgment
*1216 3. June 24,1983 — plaintiff filed “Motion for Leave of Court to Submit Additional Evidence”
4. July 15, 1983 — plaintiffs motion denied
5. August 1, 1983 — plaintiff and inter-venor filed “Joint Motion to Reconsider and/or Motion to Recall the Order Granting Summary Judgment”
6. December 7, 1983 — plaintiffs motion denied with written reasons
7. December 19, 1983 — plaintiffs motion for appeal
8. December 20, 1983 — plaintiffs motion for appeal signed
If a case is taken under advisement, notice of the signing of the judgment must be mailed to the counsels of record or to the parties if not represented by counsel. LSA-C.C.P. art. 1913. The delay for applying for a new trial begins to run on the day after the clerk has mailed the notice, and the delay period for applying for a new trial is seven days, exclusive of legal holidays. LSA-C.C.P. art. 1974. If there is no application for a new trial, a devolutive appeal must be lodged within 60 days after the expiration of the delay period for seeking a new trial. LSA-C.C.P. art. 2087.
In the instant case, the trial judge took the case under advisement. Notice of the judgment was mailed on June 9, 1983, and delays began to run on June 10, 1983. The plaintiff did not apply for a new trial within the delay period which expired on June 20, 1983. Plaintiffs appeal was filed on December 19, 1983, and signed on December 20, 1983. Both dates are well after the expiration of the devolutive appeal period which ended on August 19, 1983.
Plaintiff contends that his motions Hied on June 24, 1983, and August 1, 1983, were within the devolutive appeal delay period and that the appeal delay period should start running anew with the court’s denial of the last motion in December. We do not agree.
The summary judgment rendered by the trial court on June 2, 1983, is a final judgment and has the same effect as if there had been a trial on the merits. LSA-C.C.P. art. 968. An appeal from a summary judgment must be taken within the time and in the manner specified for other final judgments. Barrois v. Service Drayage Company, 250 So.2d 135 (La.App. 4th Cir. 1971), writ denied, 259 La. 805-6, 253 So.2d 66 (La.1971).
A final judgment can be amended by the trial court only to alter the phraseology or to correct errors of calculation; the substance cannot be changed. LSA C.C.P. art. 1951. A motion to amend a judgment does not affect the delay periods. See Caldwell v. Shipp, 441 So.2d 808 (La.App. 2d Cir. 1983). In order to change the substance of a written judgment, there must be a timely application for a new trial or a timely appeal. See Hebert v. Hebert, 351 So.2d 1199 (La.1977).
In the instant case, the plaintiffs motions of June 24, 1983, and August 1, 1983, came after the expiration of the time period for seeking a new trial. The motions do not constitute an appeal. Therefore, the plaintiff had to lodge a devolutive appeal within the delay period which expired on August 19, 1983. Plaintiff did not perfect his appeal until December 20, 1983. Since the plaintiff failed to appeal within the delays allowed by law, this court is without jurisdiction to hear this case. Wesley v. Moon, 442 So.2d 752 (La.App. 1st Cir.1983).
For the foregoing reasons, we dismiss this appeal. Costs of this appeal are to be borne by the plaintiff-appellant.
APPEAL DISMISSED.

. American Mutual Liability Insurance Company intervened in the trial court but never perfected an appeal by filing a motion for appeal; therefore, the intervenor is not properly before the court.