SHORTESS, Judge.
Philip J. Burns (plaintiff) brought this suit against the State of Louisiana, through the Board of Elementary and Secondary Education, Department of Education (BESE), contending he was removed from his position as a tenured teacher in violation of LSA-R.S. 17:45. The trial court found in favor of plaintiff and ordered that he be reinstated to his teaching position and paid all back wages. From this judgment BESE appeals.
Plaintiff has a B.A. degree in psychology from Gallaudet University and a background in carpentry work. Plaintiff had two years non-certified teaching experience out of state but was not certified to teach in Louisiana when he was offered a substitute teacher position at Louisiana School for the Deaf (LSD) in August, 1980, for the 1980-81 school year. The offer was contingent upon his obtaining Louisiana certification to teach trade and industrial classes.
During the 1980-81 school year, the state was reimbursed for plaintiff’s salary through a federal grant because plaintiff was teaching multi-handicapped students, i.e., those with other handicaps in addition to deafness. Dr. Harvey Corson, superintendent at LSD, testified that in addition to teaching multi-handicapped students during that year, plaintiff was permitted to *399 teach a double-period carpentry class to the regular students so he could gain teacher certification. Dr. Corson further testified that although plaintiff was paid a full-time teacher’s salary, his contract described him as a substitute because plaintiff lacked teacher certification and because the position was federally funded.
In June, 1981, plaintiff was offered and accepted a position with LSD to teach mul-ti-handicapped students for the 1981-82 school year. Although plaintiff had become certified, he was again designated as a substitute teacher in the contract because of the federal funding.
Federal funding was discontinued for instructors of the multi-handicapped after the 1981-82 school year, but Dr. Corson successfully sought funding from the Louisiana Legislature for state funds to continue the multi-handicapped instructor positions at LSD. Plaintiff was offered and accepted regular teacher’s contracts teaching multi-handicapped students for the 1982-83 and 1983-84 school years. Plaintiff testified that approximately two weeks after the 1983-84 school year ended he was advised that his contract would not be renewed for the following year. Plaintiff’s request to BESE for a tenure hearing was denied, and on October 4, 1984, BESE advised plaintiff by letter that he had been terminated effective June 4, 1984. This lawsuit resulted.
The applicable statute in this case is LSA-R.S. 17:45, which governs probation and tenure of teachers in special schools. LSA-R.S. 17:45(A) provides in part:
A teacher shall be entitled to tenure benefits as follows:
(1) Each teacher shall serve a probationary term of three contract years to be computed from the date of his first appointment in the special school in which the teacher is serving his probation. During the probationary term, the board may dismiss or discharge any probationary teacher upon the written recommendation of the superintendent or other head or director of the special school accompanied by valid reasons therefor.
Any teacher found unsatisfactory by the board, at the expiration of the probationary term, shall be notified in writing by the board that he has been discharged or dismissed; in the absence of such notification, such probationary teacher shall automatically become a regular and permanent teacher in the employ of the special school where he has successfully served his three year probationery term....
(2) A permanent teacher in a special school shall not be removed from office except upon written and signed charges of wilful neglect of duty, or incompetency, or dishonesty, and then only if found guilty after a hearing by the board or by a committee of the board ....
“Teacher” is defined in that statute as “any certified employee in a special school who holds a teacher’s certificate and whose legal employment requires certification under the regulations of the board or of any certification authority established by law.” Plaintiff contends he is a certified teacher; his employment requires certification; and he gained tenure when BESE renewed his teaching contract for the 1983-84 school year.
The primary issue contested by the parties at trial and on appeal is whether plaintiff’s two years in a federally-funded position should be considered “contract years” under LSA-R.S. 17:45(A)(1). We pretermit discussion of this issue, however, because we find that plaintiff failed to prove he was a “teacher,” as defined by LSA-R.S. 17:45(A)(1), the first year he taught at LSD.
When a law is clear and free from all ambiguity, it must be given effect as written. LSA-C.C. art. 13; Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La. App. 1st Cir.1984). The tenure provisions of LSA-R.S. 14:45 clearly apply only to certified teachers. Plaintiff failed to prove he was a certified teacher during the 1980-81 contract year; he thus failed to prove he was a “teacher” entitled to the benefits of LSA-R.S. 17:45 that year.
Even assuming that the 1981-82 school year in which plaintiff taught under the *400 federal program counts toward tenure, plaintiff did not gain tenure upon completion of the 1983-84 school year because he was found unsatisfactory by BESE and was notified by BESE in writing that he had been dismissed at the expiration of the probationay term, all in accordance with LSA-R.S. 17:45(A)(1).
The trial court thus was clearly wrong in holding that plaintiff was a tenured teacher who had a right to a tenure hearing prior to dismissal. We must reverse the judgment of the trial court and render judgment in favor of defendant, dismissing plaintiff's suit. All costs are taxed to plaintiff.
REVERSED AND RENDERED.
LANIER, J., concurs in the result and assigns reasons.