545 So.2d 1174 (1989)
Dorothy Winston, Wife of Andrew WINSTON
v.
ORLEANS PARISH SCHOOL BOARD.
No. 89-CA-0099.
Court of Appeal of Louisiana, Fourth Circuit.
June 8, 1989.
*1175 Clement F. Perschall, Jr., Metairie, for plaintiff-appellant.
Franklin V. Endom, Jr., Polack, Rosenberg, Rittenberg & Endom, New Orleans, for defendant-appellee.
Before GARRISON, KLEES and WILLIAMS, JJ.
WILLIAMS, Judge.
Plaintiff, Dorothy Winston, appeals a trial court judgment granting partial summary judgment against defendant, the Orleans Parish School Board. Plaintiff alleges that the trial court erred 1) in finding that plaintiff, a cafeteria worker, was not entitled to relief under LSA-R.S. 17:523, a statute which provides the procedure and causes for dismissal of regular and permanent employees, other than teachers, of Orleans Parish; 2) in not finding that plaintiff's due process and equal protection rights were violated under LSA-R.S. 17:82, a statute denying tenure rights to cafeteria workers in the public schools; and 3) in dismissing plaintiff's entire action since defendant moved only for partial summary judgment. We affirm in part and reverse in part.
FACTS
The facts of this case are undisputed. Plaintiff, a cafeteria worker, was employed by the defendant from November, 1964 until dismissed from her employment in the summer of 1986. On February 25, 1987, plaintiff filed suit, alleging that defendant breached its employment contract with plaintiff by failing to comply with the notice and hearing provisions of LSA-R.S. 17:523, by terminating plaintiff's employment on the basis of insufficient evidence, and by violating plaintiff's rights of due process and rights against unreasonable search and seizure in conjunction with her dismissal. Plaintiff sought "to be reinstated as a permanent employee, together with back wages, all fringe benefits, seniority rights, and pension rights." Plaintiff additionally sought damages for defendant's alleged violations of plaintiff's constitutional rights in the dismissal proceedings.
After answer, the defendant filed a Motion for Partial Summary Judgment and Alternatively Motion to Strike. Defendant alleged that plaintiff was not a permanent employee and therefore, was not entitled to the procedural safeguards of LSA-R.S. 17:523. Specifically, defendant alleged that LSA-R.S. 17:521 et seq. is a tenure statute from which plaintiff is specifically excluded under LSA-R.S. 17:82, which denies cafeteria workers tenure rights under any tenure laws of the school system. Accordingly, defendant sought dismissal of plaintiff's claim for reinstatement as a permanent employee, back pay, fringe benefits, seniority and pension rights. In the alternative, defendant sought an order striking from the petition all allegations relative to plaintiff's alleged permanent status as a tenured employee.[1]
*1176 In its reasons for judgment on defendant's motion, the trial court implicitly found that § 523 was a tenure statute. The court ruled:
This court finds that the legislature did not intend for cafeteria workers to be covered by the tenure statute. This is clear from the passage of Act 284 of 1948, R.S. 17:82, which denies cafeteria workers "... tenure rights under any tenure laws of the school system."
The judgment of the trial court reads, in pertinent part:
IT IS ORDERED, ADJUDGED AND DECREED that the Motion for Partial Summary Judgment filed herein on behalf of Orleans Parish School Board be, and the same is hereby granted and therefore these proceedings are hereby dismissed.
ASSIGNMENT OF ERROR NO. 1
In her first assignment of error, plaintiff contends the trial court erred in effectively "finding"[2] that § 523 was amended by § 82. Plaintiff argues that § 523 is not a tenure law and therefore, § 82 has no bearing on plaintiff's rights under § 523. Alternatively, plaintiff argues that, if § 82 does amend § 523, then the amendment is in violation of La. Const. Art. 3, § 17 of the Louisiana Constitution of 1921 (La. Const. Art. 3, § 15 (1974)), requiring that a bill amending a law shall set forth the provisions of the law amended. This contention is without merit.
LSA-R.S. 17:82 provides:
The parish school boards throughout the state may maintain and operate lunch departments on a non-profit basis to provide meals for school children attending the public schools within their respective jurisdiction.

The employees in these departments shall not be entitled to tenure rights under any of the tenure laws of the public school system. [emphasis added]
Our review of the legislation and its history convinces us that LSA-R.S. 17:521 et seq. are in fact tenure laws to which § 82 makes reference. LSA-R.S. 17:521 et seq. were enacted by Act 231 of 1944.
LSA-R.S. 17:521 (Section 1 of Act 231) defines "employee" under that sub-part as "any person in the employ of the Orleans Parish school board who is not a teacher or whose legal employment does not require the holding of a teacher's certificate."
LSA-R.S. 17:522, entitled "Probationary term and tenure" (Section 2 of Act 231) provides that each employee of the Orleans Parish School Board shall serve a probationary term of three years, during which the employee may be dismissed by the Orleans Parish school board upon recommendation of the Superintendent, accompanied by valid reasons therefore. The section then provides that, in the absence of written notice of dismissal, a probationary employee "shall automatically become a regular and permanent employee of the Orleans Parish School Board at the expiration of his probationary term." [emphasis added] Though this section does not explicitly provide a definition of "tenure", the language of the statute as it relates to the title of the section implicitly defines a tenured employee as one who has become "a regular and permanent employee" of the parish school board.
LSA-R.S. 17:523 (also Section 2 of Act 231) provides the procedure which is necessary before a regular and permanent employee can be dismissed, enacting certain safeguards for the benefit of these regular and permanent employees. That section reads:
A regular or permanent employee shall not be dismissed or discharged, except upon written and signed charges of wilful neglect of duty, or of incompetency, dishonesty, immorality, or of insubordination, or of being a member of or of contributing to any group, organization, *1177 movement or corporation that is prohibited by law or injunction from operating in the State of Louisiana, and then only if found guilty after a hearing by the Orleans Parish School Board.... The Orleans Parish School Board shall furnish the employee a copy of the written charges at least fifteen days in advance of the date set for the hearing. The employee shall have the right to appear before the Orleans Parish School Board at said hearing with witnesses in his behalf, and with counsel of his selection, all of whom shall be heard by the board at the hearing.
As counsel for the defendant noted in their appellate brief, § 521 has not been amended since 1944. Section 523 was amended in 1956 and again in 1975, but both amendments concern only grounds for removal. In 1988, § 522 was amended to also provide that an employee's time of service in a position paid with funds other than state or local sources shall not be applied to that employee's acquisition of permanent status.
The title of the Act, although it does not constitute part of the Act itself, is helpful in determining the intent of the legislature. See State v. Madere, 352 So.2d 666 (La. 1977).
As noted by defendant, it is clear from the title to Act 231 of 1944 that the legislature intended to enact a tenure law in its passage. That title provides:

AN ACT
To provide tenure for employees of the Orleans Parish School Board who are not teachers or whose legal employment does not require the holding of a teacher's certificate, and to provide the manner in which these employees shall acquire tenure and to define the causes for dismissal by said Board....
Furthermore, the title of the statute as enacted provides additional evidence of legislative intent to enact § 521 et seq. as a tenure law. Title 17 of the Louisiana Revised Statutes is entitled "Education;"
Chapter 2 of that Title is entitled "Teachers and Employees;" Part II of Chapter 2 is entitled "Tenure;" Sections 521-525 constitute Subpart D of Part II, which is entitled "Employees Other Than Teachers in Orleans Parish."
It is evident, therefore, that by its enactment of Act 231 of 1944 (LSA-R.S. 17:521 et seq.,) the legislature intended to enact a tenure law. We conclude that LSA-R.S. 17:521 et seq. is a tenure law within the meaning of LSA-R.S. 17:82, which denies cafeteria workers tenure under any of the tenure laws of the public school system.
Contrary to plaintiff's suggestion, this conclusion is not tantamount to a finding that § 82, by denying cafeteria workers rights under tenure laws of the state, amends or repeals § 523.
Where two statutes deal with the same subject matter, they should be harmonized if possible, but if there is a conflict, statutes specifically directed to the matter at issue must prevail as an exception to the statute more general in character in order to give full effect to the legislative intent of the general rule. American Waste & Pollution Control Co. v. Madison Parish Police Jury, 488 So.2d 940, 944 (La.1986), rehearing den.; Teachers' Retirement System of Louisiana v. Vial, 317 So.2d 179, 183 (La.1975), rehearing den.; Delta Development Company, Inc. v. Plaquemines Parish Commission Council, 451 So.2d 134, 138 (La.App. 4th Cir. 1984), writ den. 456 So.2d 172 (La.1984). Where the later special statute is not irreconcilable with the general statute to the degree that both statutes cannot have a coincident operation, the general statute will not be repealed. Macon v. Costa, 437 So.2d 806, 813 n. 14 (La.1983). Furthermore, laws are presumed to be passed with deliberation and with full knowledge of all existing laws on the same subject. State v. Shushan, 206 La. 415, 19 So.2d 185, 190 (La.1944).
LSA-R.S. 17:521 et seq. is a general law[3] providing tenure for employees other than *1178 teachers in the employ of the Orleans Parish School Board. This law prescribes particular safeguards to be afforded these employees upon dismissal. LSA-R.S. 17:82 grants to parish school boards the authority to operate lunch departments for public school children. It is a special law[4] in that it expressly denies employees of these departments tenure rights under any tenure laws of the public school system. Under the principals of statutory construction enumerated above, § 82 does not amend or repeal § 523. Rather, § 82 prevails as an exception to § 523, the general statute. Therefore, we do not reach plaintiff's contention that § 82, if an amendment of § 523, is unconstitutional.
For these reasons, plaintiff's first assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
In the next assignment of error, plaintiff contends that the trial court erred in not finding that LSA-R.S. 17:82 infringes upon plaintiff's constitutionally guaranteed rights of due process and equal protection and is, therefore, unconstitutional. This assignment is without merit.
Plaintiff raises the issue of due process for the first time on appeal. This issue was not raised before the trial court, and the record was devoid of any evidence to substantiate plaintiff's claim. Therefore, the trial court properly declined to consider, and this court will not consider plaintiff's claim.
Plaintiff alleges that § 82 unconstitutionally violates equal protection of the laws since it classifies school board employees who are not teachers on the basis of the service they perform, excluding from the tenure laws only cafeteria workers.
The analytical framework for reviewing the constitutionality of challenged legislation under Louisiana's equal protection law was set forth in Sibley v. Board of Supervisors of Louisiana State University, 477 So.2d 1094 (La.1985), rehearing den.
There, the Supreme Court dictated that 1) a law which classifies individuals by race or religious beliefs shall be repudiated completely; 2) a law which classifies persons on the basis of birth, age, sex, culture, physical condition, or political ideas or affiliations shifts the burden to the party advocating the classification to show that the classification has a reasonable basis; and 3) a law which classifies individuals on any other basis shall be rejected when a member of the disadvantaged class shows that it does not suitably further any appropriate state interest. Id. at 1107-1108.
The classification challenged by plaintiff in the instant case, one based on the basis of the type of service or job, is governed by the third situation enumerated in Sibley. Accordingly, plaintiff bears the double burden of proving not only the discriminatory classification, but also that it does not further any appropriate state interest. Id. at 1108 n. 22. Plaintiff in this case has not satisfied this burden.
Counsel for the defendant asserts that the state had an interest in denying tenure rights to school lunch employees since the school lunch program was funded, at least in part, by federal appropriations over which the state had little or no control. Our review of the legislative history of § 82 and other legislation pertaining to the school lunch program convinces us that the legislature enacted § 82 with this view in mind.
On June 4, 1946, the United States Congress enacted the School Lunch Program authorizing appropriations to be made to each state educational agency in furtherance of the program. Included in that legislation is the Congressional declaration of policy,
to safeguard the health and well-being of the Nation's children and to encourage the domestic consumption of nutritious agricultural commodities ..., by assisting *1179 the States, through grants-in-aid and other means, in providing an adequate supply of foods and other facilities for the establishment, maintenance, operation, and expansion of nonprofit school-lunch programs.
42 U.S.C.A. § 1751. Two years later, the Louisiana legislature enacted Act 44 of 1948 (LSA-R.S. 17:191 et seq.), providing for free lunches for school children. Section 3 of that Act (LSA-R.S. 17:193) authorized the state board of education to "accept and direct the disbursement of funds appropriated by any act of Congress ... and apportioned to the state for use in connection with school lunch programs."
It was also in 1948 that the legislature enacted Act 284 (LSA-R.S. 17:82), authorizing the school board to operate nonprofit lunch departments and directing that employees of said departments shall not be entitled to rights under any tenure laws of the school system.
The provisions for the acquisition of tenure and procedure for removal under LSA-R.S. 17:521 et seq. are virtually identical to the parallel provisions under the Teacher Tenure Law[5] and the Teacher Tenure Law for Orleans Parish.[6]
Louisiana courts, in considering the impact of federal funding upon the Teacher Tenure Laws, have held that an employee holding a federally funded position could not acquire tenure under Louisiana law during the term of that position. Hayes v. Orleans Parish School Board, 256 La. 677, 237 So.2d 681 (La.1970); Thompson v. East Baton Rouge Parish School Board, 303 So.2d 855 (La.App. 1st Cir.1974); Burns v. State, through Board of Elementary and Secondary Education, Department of Education, 529 So.2d 398 (La.App. 1st Cir. 1988); writ den. 533 So.2d 374 (La.1988). Haynes and its progeny reasoned that "(t)he major premise of the [tenure] legislation was that public education was a state and local responsibility," and that it was drafted without the contemplation of "massive infusions of federal funds." Haynes v. Orleans Parish School Board, 256 La. 677, 237 So.2d at 684. The courts in all three cases determined that the only positions the legislature sought to protect with the tenure laws "were those in the regularly maintained school system ... (which were) sustained by recurring [state or local] revenues, over which they had a measure of control." Id. at 684; Thompson v. East Baton Rouge Parish School Board, 303 So.2d at 860-861; Burns v. State, through Board of Elementary and Secondary Education, Department of Education, 529 So.2d at 401. The state had an interest in avoiding the economic burden which would settle upon the local school boards if employees were allowed to acquire tenure in federally funded programs and the higher salaries of these programs were frozen into the state educational system, with no assurance that the system had adequate revenues to pay them. Id.
Although Hayes, Thompson and Burns involved teacher tenure laws, we are persuaded that the reasoning of those cases is equally applicable here. The interest of the State in disallowing the acquisition of tenure to employees in federally funded programs is also present when those employees are not teachers. When viewed in light of its history, it is apparent that § 82 was drafted with this interest in mind.
We find additional support for this view of the 1988 amendment to LSA-R.S. 17:522. That amendment provided that, when an employee holds a position "paid with funds other than operational funds generated from regular state or local sources," the time spent in such position shall not be applied to the acquisition of permanent status. LSA-R.S. 17:522(C). We find this amendment supports our interpretation of the State's interest and the legislative intent in denying tenure to employees in federally funded positions.
In the instant case, the plaintiff has provided no evidence to show that § 82 does not reasonably further this appropriate state interest. See Sibley v. Board of Supervisors of Louisiana State University, 477 So.2d at 1107-1108. Accordingly, *1180 plaintiff's claim that § 82 violated her constitutional right to equal protection of the laws is without merit.
ASSIGNMENT OF ERROR NO. 3
Finally, plaintiff contends that the trial court erred in dismissing her entire action when ruling upon defendant's Motion for Partial Summary Judgment. Defendant readily concedes this issue, and we agree.
The record shows that the only issue before the court was whether plaintiff was a regular or permanent employee entitled to the procedural process for dismissal under § 523 and whether plaintiff's claim for reinstatement as a permanent employee and all of the benefits pursuant thereto should be dismissed as a matter of summary judgment.
Therefore, to the extent that the judgment exceeds this issue and dismisses all other claims of plaintiff not pertaining thereto, we reverse.
For the foregoing reasons, the trial court's judgment granting defendant's Motion for Partial Summary Judgment, to the extent that it is consistent with this opinion, is affirmed.
AFFIRMED IN PART; REVERSED IN PART.
NOTES
[1] Plaintiff also filed a Motion for Partial Summary Judgment, seeking judgment in her favor for defendant's alleged violation of § 523 and reinstatement, back pay and interest. To date, the trial court has not ruled on plaintiff's motion. Accordingly, that motion is not before us.
[2] As revealed by our examination of the judgment and reasons of the district court, the district court merely found that § 82 denied cafeteria workers tenure rights under § 523. Contrary to plaintiff's assertion, the court did not find that § 82 amended or repealed § 523.
[3] A general law operates equally and uniformly upon all persons brought within the relations and circumstances provided or all persons of a designated class founded upon a reasonable and proper classification. Teachers' Retirement System of Louisiana v. Vial, 317 So.2d at 183.
[4] A special law affects only a certain number of persons within a class and not all persons possessing the characteristics of the class. Teachers' Retirement System of Louisiana v. Vial, 317 So.2d at 183.
[5] See LSA-R.S. 17:442-443.
[6] See LSA-R.S. 17:461-462.