WATKINS, Judge.
Plaintiff, Veronica Perkins, appeals the trial court judgment upholding her discharge as a teacher by the defendant, State Board of Elementary and Secondary Education (BESE). Plaintiff contends that she was removed from her position as a tenured teacher in violation of LSA-R.S. 17:45. The suit was heard on cross motions for summary judgment, with the only issue being whether the plaintiff was a tenured teacher under the provisions of LSA-R.S. 17:45. The trial court found that plaintiff was not tenured and accordingly dismissed her suit. We affirm.
Plaintiff appealed the trial court judgment alleging trial court error in interpreting the .statute and alternatively that the statute violates her constitutional guarantee of equal protection of the laws.
Plaintiff began employment with the Ru-sten State School as a special education teacher in June of 1978. At that time, the Rusten State School was operated by the state through the Department of Health and Human Resources (DHHR). Under the DHHR rules, all employees, including the plaintiff, were considered civil service employees. In the summer of 1979, the legislature created “Special School District Number One” (SSD # 1), into which were consolidated all of the State Special Schools. SSD # 1 was governed by the state through the Board of Elementary and Secondary Education (BESE).
In July of 1979, employees at the Rusten State School, who had teaching certificates, were offered the option of remaining in a classified civil service position or entering into employment with BESE as probationary teachers pursuant to the tenure laws set forth in Acts 1979, Number 260, now LSA-R.S. 17:43-17:46.
The plaintiff entered into a contract with BESE in 1979, and continued to teach at the Rusten State School until she was terminated, without a hearing, in June of 1982. There is no dispute that the procedure by which she was terminated did not satisfy the requirements for termination of a tenured employee under LSA-R.S. 17:45, which provides:
A. As used in the Subpart, the word “teacher” means any certified employee in a special school who holds a teacher’s certificate and whose legal employment requires certification under the regulations of the board or of any certification authority established by law. A teacher shall be entitled to tenure benefits as follows:
(1) Each teacher shall serve a probationary term of three contract years to be computed from the date of his first appointment in the special school in which the teacher is serving his probation. During the probationary term, the board may dismiss or discharge any probationary teacher upon the written recommendation of the superintendent or other head or director of the special school accompanied by valid reasons therefor.
Any teacher found unsatisfactory by the board, at the expiration of the probationary term, shall be notified in writing by the board that he has been discharged or dismissed; in the absence of such notification, such probationary teacher shall automatically become a regular and permanent teacher in the employ of the special school where he has successfully served his three year probationary term; all teachers in the employ of a special school as of September 1, 1979, who hold proper certificates and who have served satisfactorily as teachers in the special school where employed for more than three consecutive years, are declared to be regular and permanent teachers in the employ of the special school.
(2) A permanent teacher in a special school shall not be removed from office *737 except upon written and signed charges of wilful neglect of duty, or incompetency, or dishonesty, and then only if found guilty after a hearing by the board or by a committee of the board, which hearing may be public or private at the option of the teacher_ (Emphasis added.)
According to LSA-R.S. 17:45, a teacher becomes tenured after he serves a probationary term of three contract years. Prior to becoming tenured, the teacher may be terminated simply upon the recommendation of a supervisor. However, once the teacher becomes tenured, he may only be terminated after a hearing is conducted.
The primary issue contested by the parties at trial and on appeal is whether the plaintiffs service as a teacher with the DHHR prior to September 1, 1979, should be considered “contract years” with BESE and credited toward her acquisition of tenure under LSA-R.S. 17:45. We pretermit discussion of this issue, however, because we find that the plaintiff failed to prove that she was a “teacher” as defined by LSA-R.S. 17:45(A)(1), during her service with the DHHR.
When a law is clear and free from all ambiguity, it must be given effect as written. LSA-C.C. art. 13; Burns v. Department of Education, 529 So.2d 398 (La.App. 1st Cir.), writ denied, 533 So.2d 374 (La.1988). The tenure provisions of LSA-R.S. 17:45 apply only to teachers who are certified and whose legal employment requires certification under the regulations of the board or of any certification authority established by law. The plaintiff did not prove that during her service with DHHR she was required to be certified.
Although the trial judge states in his oral reasons for judgment that the facts in this suit are undisputed, he did not recite these facts, nor did the parties enter into a stipulation regarding the undisputed facts. The record in this suit consists solely of the plaintiff’s petition, defendant’s answer, plaintiff’s motion for summary judgment, and defendant’s motion for summary judgment with the attached affidavit of Dr. Thomas Lolley, which reads in pertinent part as follows:
Dr. Lolley further stated that he personally reviewed the qualifications and job descriptions of those instructors employed in classified civil service positions at Ruston State School immediately prior to the beginning of Special School District # 1 and that Ms. Veronica Perkins was employed by the Department of Health & Human Resources in a classified civil service position which did not require a teaching certificate for employment. Ms. Perkins elected to give up her civil service classification and enter employment as a probationary teacher employed by the Board of Elementary and Secondary Education on the 1st day of July, 1979.
Summary judgment is appropriate when there is no genuine issue as to material fact and mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. Furthermore, when a motion for summary judgment is made and supported by affidavit, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. LSA-C.C.P. art. 967.
The affidavit of Dr. Lolley, submitted with BESE’s motion for summary judgment, clearly states that the position that the plaintiff held with the DHHR did not require her to be certified. No countervailing proof of any sort was submitted by the plaintiff to refute this fact.[1] Under these circumstances defendant is entitled to judgment as a matter of law.
For the reasons set forth, we affirm the judgment of the trial court, all costs to be paid by appellant.
AFFIRMED.
*738 SHORTESS, J., dissents and assigns reasons.

. Although plaintiff refers, in her brief, to facts which establish that the position she held with the DHHR required her to be certified, we cannot consider them. This court has no authority to consider facts referred to in brief, which are not in evidence. Bunch v. Town of St. Francisville, 446 So.2d 1357 (La.App. 1st Cir.1984).