Dear Mr. Victor:
On behalf of the Sewerage and Water Board of New Orleans ("SWB"), you have requested an opinion of the Attorney General regarding which entity, Entergy New Orleans ("ENO") or the SWB, is responsible for the costs associated with the temporary relocation of Entergy's facilities located on the public right-of-way along the Dwyer Road Intake Canal.
According to your request, the SWB and the City of New Orleans have entered into a cooperative endeavor agreement with the U.S. Army Corps of Engineers ("USCOE") for funding and management of the Southeast Louisiana Drainage Projects. One particular project, the Dwyer Road Drainage Project, is the subject of this opinion request. Bids for the Dwyer Road SELA Project were to be advertised in July 2007, but have been delayed because transmission facilities owned by Entergy New Orleans, and located on the public right-of-way along the Dwyer Road Intake Canal, have yet to be temporarily relocated due to a dispute over who bears the cost of the relocation. The SWB is obligated by agreement with the USCOE to obtain unencumbered rights-of-way and rights-of-entry for the USCOE before work can begin.
It is the position of the SWB that, pursuant to La.R.S. 33:4080, ENO must temporarily relocate its equipment located on the Dwyer right-of-way at its own cost. The statute (effective July 20, 1984) provides:
 (A) Any person who has laid mains, pipes, or conduits, or constructed any railroads, buildings, works, or structures of any kind in, on, or over the public streets, roads, drainage systems or canals, sewerage systems, or water systems may be compelled at his own cost and expense to shift or adjust any such mains, pipes, conduits, or structures to the *Page 2 
exigencies of the public sewerage and public water and drainage systems (emphasis added).
ENO, on the other hand, takes the position that the Overhead Power Line Safety Act, La.R.S. 45:141-145 (effective January 2002), entitles Entergy to compensation before it relocates its facilities outside the right-of-way needed by the USCOE. The pertinent sections of the Overhead Power Line Safety Act provide:
 No person shall, individually or through an agent or employee, perform any function or activity upon any land, building, highway, waterway, or other premises, if at any time during the performance of any function or activity it is possible that the person performing the function or activity shall move or be placed within ten feet of any high voltage overhead line, or if it is possible for any part of any tool, equipment, machinery, or material used, handled, or stored by such person to be brought within ten feet of any high voltage overhead line or conductor during the performance of such function or activity. La.R.S. 45:142.
 C. The actual expense incurred by any operator or owner of high voltage overhead lines in providing clearances established in this Section shall be paid by the person or persons responsible for the work to be done in the vicinity thereof. The owner or operator of the lines may require an estimated payment of such actual expense in advance. La.R.S. 143(C) (emphasis added).
The Overhead Power Line Safety Act applies to persons individually, or through their agents or employees. La.R.S. 45:142. As a juridical person, [1] the SWB is subject to the Overhead Power Line Safety Act.
Article 13 of the Louisiana Civil Code states that, laws on the same subject matter must be interpreted in reference to each other. Likewise, it is well established in Louisiana jurisprudence that a direct and irreconcilable conflict must exist between laws purporting to be on the same subject matter before using conflict resolving rules of interpretation. Atty. Gen. Op. No. 88-300. If there is a conflict between statutes, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. Estevev. Allstate Ins. Co., 351 So.2d 117 (La. 1977); State v. Maduell, *Page 3 326 So.2d 820 (La. 1976); Teachers' Retirement System of Louisiana v.Vial, 317 So.2d 179 (La. 1975). The Overhead Power Line Safety Act applies only when a person desires to temporarily carry on work within less than ten feet of a high voltage power head line. It does not prevent the SWB from compelling the shifting or adjusting of structures; however, when it desires to shift or adjust high voltage overhead lines because it would otherwise be working within ten feet of such lines, the Overhead Power Line Safety Act is more specific and is to be applied.
While La.R.S. 33:4080 is specific to SWB, that statute does not incorporate overhead power lines; therefore, it does not apply in this instance. Further, La.R.S. 45:145 (c) does not grant an exception to SWB, only to DOTD and parish and municipal governments.
For the foregoing reasons, it is the opinion of this office that, to the extent a franchise agreement between ENO and SWB does not dictate who is responsible for the costs, the actual expenses incurred in temporarily relocating the high voltage overhead lines on the public right-of-way along the Dwyer Road Intake Canal are to be borne by "the person or persons responsible for the work to be done in the vicinity thereof", and not by ENO. La.R.S. 45:143(C).
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. CALDWELL
 ATTORNEY GENERAL
 BY:__________________________
 Irys L. Allgood
 Assistant Attorney General
JDC/ILA
[1] Roberts v. Sewerage and Water Board, 92-2048 (La. 3/21/94);634 So.2d 341).