525 So.2d 681 (1988)
Charlotte M. HILL
v.
James C. MOORMAN, et al.
No. CA 87 0451.
Court of Appeal of Louisiana, First Circuit.
May 17, 1988.
P. David Carollo, Slidell, for plaintiff, appellant.
G. Brice Jones, Slidell, for defendant, appellee.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
COVINGTON, Chief Judge.
Charlotte Manz Hill appeals the judgment of the trial court dismissing her claim for reasonable visitation with her natural son, who was adopted by James and Martha Moorman. Mrs. Hill (at that time Manz) executed a Voluntary Act of Surrender on July 5, 1984, of her twenty-month old child, fifteen days after the Moormans executed a notarial act granting Hill "reasonable visitation rights." The Moormans also stated in this document signed June 20, 1984, that they were anticipating the Act of Surrender, a copy of which was attached to the executed document.
There was no testimony taken in this matter. However, both parties agree that some time subsequent to the final adoption decree, Mr. and Mrs. Moorman refused to allow Mrs. Hill to visit the child. On April 28, 1986, Mrs. Hill filed a petition to enforce the "reasonable visitation rights" provision in the June 20th document. In dismissing this claim, the trial court found Mrs. Hill to be a legal stranger, who forfeited her parental rights by giving up her child for adoption. The court found that any agreement to the contrary was unenforceable.
Charlotte Manz Hill does not directly attack the act of surrender or seek to annul the decree of final adoption, although it is alleged in her petition that she would not have signed the act of surrender but for the visitation rights. It is well established that:
An authentic act may be set aside where a party thereto has been induced to execute it through fraud, error, duress or threats, and he is permitted to introduce parol testimony in support of allegations to that effect. Ball v. Campbell, 219 La. 1076, 1088, 55 So.2d 250, 254 (1951).
However, Mrs. Hill does not seek to have the act declared invalid. The relief she seeks is to enforce the "visitation rights" agreed to by the Moormans.
La.Civil Code art. 1968 provides, "[t]he cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy." We find that an agreement to visitation by the natural parent in these circumstances is against public policy. In all legal regards, upon the final decree, adoptive parents have the same right of custody and control of the child as if that child had been born to them and blood parents are relieved of all their legal duties and divested of all their legal rights in respect to the adopted child. La.Civil Code art. 214. An agreement providing for visitation by a third party would impair the *682 adoptive parents' rights. Such an agreement might also impair the new parentchild relationship with very undesirable consequences. We find that such an agreement is unenforceable. See Coile v. Coile, 350 So.2d 934 (La.App. 2d Cir.), writ denied, 352 So.2d 1047 (La.1977).
Mrs. Hill may have had cause to challenge the adoption decree based on the actions of the Moormans. We certainly do not condone the practice of agreeing to visitation by the natural mother as an inducement for her signing an act of surrender and then reneging on the agreement. Under LSA-R.S. 9:440, no action to annul a final decree of adoption rendered prior to July 31, 1985, but after January 1, 1984, for any reason, shall be brought after a lapse of six months from July 31, 1985. Obviously, plaintiffs action was not brought timely. Since the record indicates that the final decree of adoption was signed on or about June 3, 1985, Mrs. Hill is precluded from raising this issue now.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against appellant.
AFFIRMED.