FOOTE, Judge, Pro Tern.
This is an appeal by plaintiff, Joseph Johnson, from a judgment after trial on the merits rejecting his demands. The error complained of was the district court’s holding that the document sued on by plaintiff was unenforceable as being contrary to public policy as being in violation of the public bid law of the State of Louisiana and also in restraint of trade. Defendants are Tom Kilpatrick and Kilpatrick Investments Inc.
The basis of the plaintiff’s claim is a document entitled “This a Legal Contract” which provided that plaintiff should be paid $20,000.00 as a “consultant fee” in the event that Tom Kilpatrick was awarded a state contract for office space in Bossier City. Plaintiff claims that the conditions required by this document were met and the defendants refused to pay him.
Defendant argues that the “agreement” was between two individuals, plaintiff and “Tom Kilpatrick” individually and that since Kilpatrick was not personally bidding on, nor was he awarded the state contract, there was no obligation owed by him to pay *670 defendant. Alternatively, plaintiff claims that the contract is unenforceable as against public policy.
The record is very short, as was the trial, with only two witnesses being called. From the record it can be determined that plaintiff controlled an option on property used by the low bidder in a state proposal for office space. The bids required specific property to be named in the proposal. The low bidder would be unable to comply with his low bid if plaintiff prevented the property from being used by the said low bidder. Plaintiff approached defendant Tom Kilpatrick with the proposition which culminated in the contract sued on, said contract stating that defendant, Tom Kilpatrick, would pay to plaintiff, Joseph T. Johnson, a “consultant fee” in the event that the State of Louisiana awarded the project to defendant, Tom Kilpatrick. The consultant fee was the sum of $20,000.00. Soon thereafter, second low bidder Kilpatrick Investments Inc. was awarded the state contract at a potential loss of over $150,000.00 to the state. Defendant, Kilpatrick, argues that since Kilpatrick Investments Inc. was not a signatory to the agreement, but rather it was Tom Kilpatrick and that Kilpa-trick Investments Inc. was awarded the contract, therefore, the contract imposes no obligation on Kilpatrick Investments Inc. Since Tom Kilpatrick was not awarded the contract, then he, Tom Kilpatrick, individually, is not liable to pay the “consultant fee” called for by the contract.
We find it unnecessary to resolve these various machinations in view of the fact we feel the contract is contrary to law and public policy. The purpose of this contract was to prevent compliance by the low bidder by the withholding of property from him, thus forcing the state to use the bid submitted by Kilpatrick Investments Inc. As stated in the written opinion of the trial court,
A valid contract must have a licit cause.[2] On the other hand, an agreement which has an unlawful cause is not enforceable. R.C.C. (1984), Art. 1968. The cause of an obligation is unlawful when it is in violation of the law, or contra bonos mores or against public order or public policy. R.C.C. (1984), Art. 1968; R.C.C. (1870), Art. 1895; Fix-It Shop v. Roy, 68 So.2d 332 (Ct.App.Orl.Cir., 1953); Bergeron v. Mumphrey, 38 So.2d 411 (Ct.App.Orl.Cir., 1949); Schiffman v. Service Truck Lines, Inc., 308 So.2d 824 (Ct.App. 4th Cir., 1974); McMahon v. Hardin, 10 La.App. 416 [121 So. 678], ... (1929); Texas & P. Ry. Co. v. Southern Pac. Ry. Co., 41 La.Ann. 970, 6 So. 888 (1889); Hill v. Moorman, 525 So.2d 681 (Ct.App. 1st Cir., 1988); Castano v. Bellina, 503 So.2d 195 (Ct.App. 4th Cir., 1987), writ denied, 506 So.2d 1226.
Louisiana Revised Statutes 38:2212, a part of the Public Contract and Bid Law, requires that all contracts for public works exceeding a specified amount to be paid out of public funds ‘be advertised and let by contract to the lowest responsible bidder ..., and no such public work shall be done and no such purchase shall be made except as provided by this Part.’ The public policy behind this statute is obviously to protect the public fisc by securing the lowest possible cost to the State.
This contract had the direct effect of thwarting the legislative intent behind R.S. 38:2212. This agreement is in derogation of public order, contra bonos mores, and against public policy. It is therefore unenforceable. Both parties, i.e. Johnson and Kilpatrick, apparently conspired to prevent the lowest bidder on the state contract from getting the contract. They were successful, but we will not permit the enforcement of their agreement by plaintiff. Citizens Bank & Trust Co. v. West Bank Agency Inc., 540 So.2d 440 (La.App. 1st Cir.), writ denied, 542 So.2d 1381 (1989).
Defendant, Kilpatrick, argues correctly that no option was proven nor was there any actual proof that plaintiff, Johnson, did in fact have an option. We find this to be immaterial as the fact that Johnson’s consideration for his $20,000.00 fee was in his words to “lock the other man out.” And *671 again, “he can not go so he will be disqualified and you will get the contract” was his statement in connection with his negotiation with Kilpatrick. Thus, the consideration for his $20,000.00 fee, which is the subject of this lawsuit, was to prevent the low bidder from being successful, i.e., “lock the other man out.” This consideration we hold to be unlawful and against the public policy regardless of the means used to “lock the man out.” Likewise, we find it immaterial to discuss the relationship between the defendants, i.e., whether or not Tom Kilpatrick, the individual could bind Kilpatrick Investments, Inc. This is immaterial in view of the finding that the contract in which either defendants or both defendants could be held liable is deemed to be unenforceable.
We find no error in the trial court’s well reasoned opinion and judgment and accordingly affirm, with costs assessed, to plaintiff-appellant.
AFFIRMED.

 R.C.C. (1984), Art. 1966; R.C.C. (1870), Art. 1893. R.C.C. (1870), Art. 1799: "Four requisites are necessary to the validity of a contract:
"1. Parties legally capable of contracting.
“2. Their consent legally given.
"3. A certain object, which forms the matter of agreement.
“4. A lawful purpose [Fr.: “Une cause lic-ite ].”
(Emphasis added.)