FORET, Judge.
This is an expropriation suit filed by the State, through the Department of Transportation & Development (DOTD) against defendants-appellees, Abney Earl Tatman, Jr. and Ona Cushman Tatman (Tatmans). The trial court awarded the Tatmans, co-owners of three tracts of land approximately four miles north of Opelousas, $77,-407.13 as compensation, subject to a credit *798 for funds previously withdrawn from the registry of the court. The court also awarded legal interest on the difference between the amount deposited by the DOTD and the amount awarded by the judgment from the date of taking until paid, and attorney's fees. DOTD appeals. For the reasons discussed below, we affirm the judgment of the trial court.
DOTD assigns the following as error:
(1) The trial court erred in basing its award on the fact that the highest and best use of the subject property was for rural residential homesites; and
(2) The trial court erred in awarding legal interest to the landowners from the date of taking.
FACTS
On February 4, 1980, the DOTD expropriated three tracts of land from the defendants. The taking amounted to 20.505 acres in full ownership and .148 acre for a permanent servitude of drainage. The sum of $49,177 was the estimate of just and adequate compensation by the DOTD. That sum was deposited into the registry of the court, and it was subsequently withdrawn by the Tatmans.
Three expert real estate appraisers testified at trial. Kermit Wayne Williams testified for the Tatmans, and Gene Cope and Jack Evans, Jr. for the DOTD. The experts differed as to their estimate of the highest and best use of the expropriated property. Cope testified that pasturage was the highest and best use; Evans believed that raising livestock in connection with rural homesites was the highest and best use; and Williams testified that the highest and best use was small acreage homesites and residential use. These three experts arrived at different valuations of the Tatmans’ land although they used many of the same sales as comparables. After trial, the trial court chose Williams’ opinion over the other experts, finding that the highest and best use of the land would be for small acreage homesites and residential use. The trial court valued the land at $77,407.13.
I. VALUATION OF PROPERTY TAKEN
The DOTD contends that the trial court erred in basing its award on an expert opinion that the highest and best use of the land was for rural residential home-sites.
“A trial judge may give whatever weight he deems appropriate to the testimony of any and all witnesses in making his factual determination of the value of the property taken, and his fixing of the value will not be disturbed in the absence of manifest error.”
State, through DOTD v. Townsend, 473 So.2d 99, 102 (La.App. 3 Cir.1985), writ denied, 477 So.2d 712 (La.1985).
We find that there was a reasonable evi-dentiary basis for the trial court to find that the highest and best use of the expropriated property was for rural residential homesites. Therefore, we do not find the trial court’s decision with regard to valuation manifestly erroneous. As such, we decline to disturb its award. See Rossell v. ESCO, 549 So.2d 840 (La.1989); State, through the Department of Highways v. Keller, 520 So.2d 1242 (La.App. 5 Cir.1988).
II. LEGAL INTEREST
Additionally, the State contends that the trial court erred in awarding legal interest from the date of the taking rather than from the date of legal demand. At the time of the taking, La.R.S. 48:455 provided:
“The judgment rendered therein shall include, as part of the just compensation awarded, legal interest on the amount finally awarded as of the date title vests in the plaintiff to the date of payment, but interest shall not be allowed on so much thereof as has been deposited in the registry of the court.”
The above statute was amended by Act 882 of the 1988 Louisiana Legislature to read as follows:
“If the amount finally awarded for compensation exceeds the amount deposited, the judgment shall include legal interest on the excess from the date of *799 legal demand until paid, but such interest shall not accrue on any award made for expert fees or attorney fees prior to judgment.”
The effect of this change is that interest is payable on any excess judgment from the date of the answer (legal demand) rather than from the date of the taking (order of expropriation).
“Legal demand means the date a defendant-landowner files an answer to the State’s quick-taking suit to seek an award greater than the amount of the State’s deposit. Thus, the State pays a lesser amount of interest under the amended version of Section 455 than formerly.”
State, Dept. of Transp. & Dev. v. Anderson, 568 So.2d 657, 662 (La.App. 3 Cir.1990).
This issue was recently decided by the Louisiana Supreme Court in State, through DOTD v. Estate of Davis, 572 So.2d 39 (La.1990), which stated as follows, at page 44:
“In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.’ La.Civ.Code art. 6. Legal interest is a matter of substantive law and a change in the law that alters an award of legal interest should not be given retroactive effect unless the legislature so provides. State, Department of Highways v. Ronaldson, 316 So.2d 898 (La.App. 1st Cir.1975); Parish of East Baton Rouge v. Harrison, 260 So.2d 106 (La.App. 1st Cir.) writ denied, 261 La. 1062, 262 So.2d 43 (1972).
We hold that since La.R.S. 48:455 affects the substantive rights of the landowner in expropriation proceedings to just compensation for his property, the version of the statute in effect at the time of the filing of this lawsuit should apply, not the amended version.”
In the present case, the property was expropriated on February 4, 1980, and the Tatmans filed an answer on June 7, 1984. Accordingly, the judgment of the trial court providing for legal interest on the difference between the amount deposited by the plaintiff and the judgment herein from the date of taking until paid is affirmed.
Costs of this appeal are to be paid by plaintiff-appellant, DOTD, as provided by law.
AFFIRMED.