636 So.2d 1004 (1994)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT
v.
HELLENIC, INC.
Nos. CA 93 0870, CA 93 0871.
Court of Appeal of Louisiana, First Circuit.
April 8, 1994.
Rehearing Denied May 18, 1994.
*1005 Robert T. Talley and Frederick Fuselier, Asst. General Counsel, Robert L. Ledoux, *1006 Sp. Asst. General Counsel, Baton Rouge, James J. Adams and D.S. "Terry" Fitzgerald, Jr., Lafayette, for plaintiff D.O.T.D.
Randall A. Smith and Phillip A. Wittmann, New Orleans, John E. Coleman, Jr., Franklin, for defendant-appellant Hellenic, Inc.
Before FOIL, PITCHER and PARRO, JJ.
FOIL, Judge.
In these expropriation proceedings, we are asked to determine the proper date from which interest on an award of compensation is to be calculated. In two of the expropriation proceedings before it, the trial court awarded interest from the date the landowner filed answers seeking an increase in the amount of compensation filed into the registry of the court. We hold that the trial court erred in refusing to award interest on the excess awards from the date of the "taking" and reverse.

BACKGROUND
The facts forming the basis of this appeal are not in dispute. On June 17, 1988, and November 10, 1988, the State of Louisiana, Department of Transportation and Development (DOTD) filed petitions to expropriate two parcels of property owned by appellant, Hellenic, Inc., pursuant to La.R.S. 48:441, et seq., commonly referred to as the "quick-taking statute." On September 6, 1991, DOTD filed a third expropriation proceeding against Hellenic. In each of the respective actions, at the time the petitions were filed, DOTD deposited the sums of $88,882.00, $120,517.00 and $325.00 into the registry of the court. Hellenic answered the first two suits on February 26, 1992, and answered the third petition on June 15, 1992, asserting that the sums deposited by DOTD were insufficient. The three expropriation proceedings were consolidated for trial.
On August 24, 1992, the jury rendered judgment in favor of Hellenic, awarding Hellenic compensation of over one million dollars more than the amounts deposited by DOTD. Thereafter, Hellenic and DOTD disputed the method of calculating interest on the excess awards in the suits filed on November 10, 1988 and September 6, 1991, and a hearing was held before the court on that issue.[1] The dispute arose because La.R.S. 48:455, which provides for interest in expropriation proceedings on the excess compensation awarded, has undergone a series of amendments. DOTD insisted that a 1988 amendment to La.R.S. 48:455, in effect at the time the proceedings were initiated, applied. Under the jurisprudence construing that amendment, interest is calculated from the date on which the landowner filed an answer disputing the amount of compensation filed into the registry of the court. Under that provision, interest would run in the suits from February 26, 1992 and June 15, 1992, the dates on which Hellenic filed answers in the proceedings. However, Hellenic asserted that it was entitled to interest from the date DOTD filed the expropriation petitions, November 10, 1988 and September 6, 1991, the date on which its property was "taken." Hellenic relied on a 1992 amendment to La. R.S. 48:455, which provides that interest is to be calculated from the date DOTD files the expropriation petition. The trial court agreed with DOTD and applied the 1988 version of La.R.S. 48:455, ordering that interest be calculated on the excess awards from the date on which Hellenic filed its answers. This appeal followed. We reverse.

INTEREST ON THE AWARD
Hellenic insists that it is entitled to interest on the award from the date its property was "taken" as a matter of state and federal constitutional law, as well as Louisiana statutory law. Because we agree that statutory law affords Hellenic the relief it seeks, we pretermit discussion of any constitutional *1007 questions raised by the parties in this appeal.[2]
Hellenic's property was taken by DOTD pursuant to the "quick-taking statute," La. R.S. 48:441 et seq. That statutory scheme allows DOTD to acquire private property prior to obtaining a court decree by filing a petition for expropriation in the trial court in the parish where the property is situated. La.R.S. 48:441. DOTD must attach to the petition an estimate of the amount of money which constitutes the full extent of the owner's loss for the taking. La.R.S. 48:442(3)(d). Upon depositing the estimate into the registry of the court, title to the property vests in DOTD, and the right to just compensation vests in the landowner. La.R.S. 48:455. The landowner may apply for a trial to determine the amount of just compensation by filing an answer within one year from the date the owner is served with notice that the property has been expropriated for highway purposes. La.R.S. 48:450.
The statutory scheme also provides for an award of interest on the sums determined by a court to be owed by DOTD in excess of the amount deposited by DOTD into the registry of the court. As originally enacted in 1974 by La. Acts No. 30, § 1, the interest provision, La.R.S. 48:455, read as follows:
The judgment rendered therein shall include, as part of the just compensation awarded, legal interest on the amount finally awarded as of the date title vests in the plaintiff to the date of payment, but interest shall not be allowed on so much thereof as has been deposited in the registry of the court.
This provision was interpreted by the courts to provide for interest from the date of the "taking," that is, the date upon which DOTD filed the expropriation petition and deposited the estimate of just compensation into the registry of the court. See State, Department of Highways v. Bougere, 363 So.2d 228 (La.App. 4th Cir.), writ denied, 364 So.2d 120 (La.1978).
In 1988, by La. Acts No. 882, § 1, effective September 8, 1988, the legislature amended La.R.S. 48:455 to provide as follows:
If the amount finally awarded for compensation exceeds the amount deposited, the judgment shall include legal interest on the excess from the date of legal demand until paid, but such interest shall not accrue on any award made for expert fees or attorney fees prior to judgment.
The courts interpreted the phrase "legal demand" in the amendment as the date upon which the landowner files an answer seeking additional compensation in the expropriation proceeding. Consequently, the courts construed the amendment to provide that interest is to run from a date other than the taking, and concluded that the amendment constituted a substantive change in the law. State, Department of Transportation and Development v. Estate of Davis, 572 So.2d 39 (La.1990); State, Department of Transportation and Development v. Dietrich, 598 So.2d 649 (La.App. 3d Cir.1992), writ denied, 631 So.2d 448 (La.1994); State, DOTD v. Tatman, 587 So.2d 797 (La.App. 3d Cir.1991); State, Department of Transportation and Development v. Stein, 570 So.2d 513 (La.App. 5th Cir.1990). In each of the cited cases, the courts refused to apply the 1988 amendment to expropriation proceedings initiated prior to its effective date, finding that such would violate the principle of non-retroactivity of substantive laws. Specifically, in State, Department of Transportation and Development v. Estate of Davis, 572 So.2d at 44, the Louisiana Supreme Court held that legal interest is a matter of substantive law and a change in the law altering an award of legal *1008 interest could not be applied retroactively, as it affected the substantive rights of the landowner to just compensation.[3]
Soon thereafter, in 1992, the legislature again amended La.R.S. 48:455 to make it clear that interest on the award is to run from the date that DOTD files the expropriation petition, the date upon which the property is "taken." This amended (and present) version of La.R.S. 48:455 reads as follows:
If the amount finally awarded for compensation exceeds the amount deposited, the judgment shall include legal interest on the excess from the date of the petition as provided in R.S. 48:442 until paid, but such interest shall not accrue on any award made for expert fees or attorney fees prior to judgment.
1992 La.Acts No. 483, § 1. The effective date of this amendment is August 21, 1992. The trial court rendered judgment on March 16, 1993.
Hellenic argues that the trial court should have applied the 1992 amendment to the interest provision because it is interpretive, curative and remedial. DOTD, on the other hand, relies on the Estate of Davis case, as did the trial court, for the proposition that interest is a matter of substantive law, and a change in the law altering an award of legal interest may not be applied retroactively. In essence, DOTD insists that the 1992 amendment, which changes the date that interest is to accrue back to the date of the "taking," is a substantive change in the law and cannot be applied retroactively. We disagree.
First, we conclude that the Estate of Davis case is not dispositive of the issue presented to this court. That case held that the 1988 amendment to La.R.S. 48:455 affected the substantive rights of the landowner in expropriation proceedings to just compensation for property and could not, therefore, be applied retroactively. The 1992 amendment reinstates the principle that the landowner is entitled to interest from the date of the "taking," which was the law of this state from 1974 until the courts began to construe the 1988 amendment to La.R.S. 48:455 as establishing a date other than the "taking" to commence the interest accrual period. Because the 1992 amendment does not destroy the landowners' right to interest from the date of the "taking," but indeed restores that right, the Estate of Davis case is not dispositive of the issue presented in this case.
In determining whether the 1992 amendment may be applied to these expropriation proceedings, initiated prior to its effective date, we are guided by La.Civ.Code art. 6, which provides:
In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.
The general rule of prospective application of laws, embodied in La.Civ.Code art. 6, applies to laws that are substantive in nature, as distinguished from merely procedural, remedial or curative laws, which may be accorded retroactive effect. Segura v. Frank, 630 So.2d 714, 721 (La.1994); Rusch v. Cook, 619 So.2d 122, 124 (La.App. 1st Cir.), writ denied, 625 So.2d 1043 (La.1993). La.Civ.Code art. 6 requires a court to engage in a two-fold inquiry: (1) we must ascertain whether the legislature expressed its intent regarding retrospective or prospective application in the enactment itself, and (2) if the legislature did not express its intent, we must classify the enactment as substantive, procedural or interpretive. Segura v. Frank, 630 So.2d at 723. In Act 483 of 1992 (amending La.R.S. 48:455), the legislature did not express its intent whether the law should be applied *1009 prospectively or retroactively. Therefore, our next inquiry shall be whether the enactment is substantive, procedural, remedial and curative, or interpretive.
Substantive laws establish new rules, rights and duties or change existing ones. St. Paul Fire & Marine Insurance Company v. Smith, 609 So.2d 809, 817 (La.1992). Procedural, remedial or curative statutes relate to the form of the proceeding or operation of the laws. Procedural acts describe methods for enforcing, processing, administering or determining rights, liabilities, or status. Curative acts are those that remove past disabilities in order to effect the true intent of the legislature. Graham v. Sequoya Corporation, 478 So.2d 1223, 1226 (La.1985).
Interpretive laws, on the other hand, merely establish the meaning the interpreted statute had from the time of its enactment. Segura v. Frank, 630 So.2d at 723. It is the original statute, not the interpretive one, that establishes the rights and duties. St. Paul Fire & Marine Insurance Company v. Smith, 609 So.2d at 817. When an existing law is not clear, a subsequent statute clarifying or explaining the law may be regarded as interpretive, and the interpretive statute may be given retrospective effect because it does not change, but merely clarifies pre-existing law. Id. Interpretive laws change existing standards by redefining and returning to their original meaning, providing the legislature with the opportunity to pronounce the correct interpretation to be given to existing laws. Legislation, however, which changes settled law falls outside the category of interpretive legislation. St. Paul Fire & Marine Insurance Company v. Smith, 609 So.2d at 820.
Considering the definitions above, we conclude that the 1992 amendment to La.R.S. 48:455 is interpretive, and therefore may be applied to the instant proceedings. Since 1974, interest ran on the excess award in a quick-taking suit from the time that DOTD filed its petition expropriating the property. In 1988, the legislature amended the interest provision and used the term "legal demand" as the date from which interest on the excess award was to run. Shortly thereafter, the courts soon began to construe this term to mean the date on which the landowner filed an answer seeking an increase in the amount of compensation. The legislature promptly responded by amending the interest provision to make it clear, beyond any doubt, that it is the filing of the expropriation proceeding by DOTD which triggers the running of interest on the amount of the excess awarded to the landowner.
In light of these events, we believe that the legislature did not intend to change the established law which gave the landowner interest from the date of the "taking" by utilizing the term "legal demand" in the 1988 amendment. The legislature's prompt response to the judicial interpretation supports this conclusion. In this respect, the 1992 amendment is merely interpretive, clarifying the legislature's intent to award interest from the date of the taking, and does not constitute a substantive change in the law. As such, it may be applied to the expropriation actions instituted prior to its effective date without violating the principle of non-retroactivity of laws.

CONCLUSION
Based on the foregoing, we hold that Hellenic, Inc. is entitled to interest on the excess awards from the date of the "takings." In suit number 82,802, the judgment is amended to reflect that Hellenic is awarded $1,153,368.00 with legal interest from November 10, 1988 until paid. In suit number 88,476, the judgment is amended to reflect that Hellenic is awarded $6,895.00 with legal interest from September 6, 1991 until paid. Costs of this appeal, in the amount of $1,054.29, are assessed to appellee, State of Louisiana, Department of Transportation and Development.
REVERSED AND RENDERED
PARRO, J., concurs with the result on constitutional grounds.
NOTES
[1] In the suit filed on June 17, 1988 (prior to the effective date of the 1988 amendment to La.R.S. 48:455), both parties agreed that interest ran from the date of the "taking." The judgment of the trial court, awarding interest in that suit from the date on which DOTD filed the petition and deposited its estimate of compensation into the registry of the court, is not before this court on appeal.
[2] Hellenic asserts that interest from the date of the taking is part of the "just compensation" to which it is entitled under the state and federal constitutions. DOTD insists that Hellenic is barred from raising the issue of whether the 1988 version of La.R.S. 48:455, which purported to award interest from a date other than the "taking," is constitutionally sound because Hellenic failed to join and serve the attorney general, as required under La.Code Civ. P. art. 1880. However, the constitutionality of La.R.S. 48:455 is simply not an issue before this court at this time. Because we hold herein that the 1992 amendment may be applied to these proceedings, there is no need to determine whether, as a matter of constitutional law, the trial court could have awarded interest from any date other than the taking.
[3] In State, Department of Transportation and Development v. Scramuzza, 608 So.2d 1069 (La.App. 5th Cir.1992), reversed in part on other grounds, 610 So.2d 809 (La.1993), the court awarded interest in accordance with the 1988 version of La.R.S. 48:455 in those expropriation suits filed while that provision was in effect. The trial court's judgments in that case were rendered before the 1992 amendment to La.R.S. 48:455 went into effect. See also State, Department of Transportation and Development v. Sanders, 628 So.2d 1207 (La.App. 3d Cir.1993), wherein the court ruled that a landowner was entitled to interest from the date of legal demand, where the expropriation proceedings were filed when the 1988 version of La.R.S. 48:455 was in effect. The court in Sanders cited, but did not discuss, the 1992 amendment to La.R.S. 48:455.