660 So.2d 188 (1995)
Samuel L. LIEBER, Plaintiff-Appellee,
v.
CADDO LEVEE DISTRICT BOARD OF COMMISSIONERS, et al., Defendant-Appellant.
No. 27267-CA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 1995.
*189 Bertrand & Soileau by Ronald J. Bertrand, Rayne, for appellant.
Wiener, Weiss, Madison & Howell by Neil T. Erwin, Shreveport, for appellee.
Before MARVIN, NORRIS and LINDSAY, JJ.
LINDSAY, Judge.
The State, through the Department of Transportation and Development (DOTD), appeals a trial court judgment holding that a 1953 right-of-way deed, obtained for a limited-access highway project, was null and void because the Department of Highways was then statutorily required to take the property in fee simple, instead of merely obtaining a servitude. For the reasons assigned below, we affirm.

FACTS
In 1953, a state project in Shreveport was undertaken to extend Youree Drive about two miles north from its intersection with Kings Highway. Phillip Lieber owned a 2.09-acre tract of land near the intersection of Youree and Kings which was used as a levee.[1] As part of the extension project, the levee was eventually moved from this tract and relocated on the east side of the newly extended Youree Drive.
On May 21, 1953, Mr. Lieber and the Louisiana Department of Highways (the predecessor of the DOTD) entered into a right-of-way agreement, whereby Mr. Lieber transferred a right of way over the entire tract in exchange for $2,500.00. The document showed that only a servitude was granted and that there was no conveyance of fee title.
In 1955, Mr. Lieber began trying to get the DOTD to relinquish the servitude over the portion of the tract not actually used in construction of the roadway. In particular, he wished to be able to use the portion of his property which the state allowed others to use for such enterprises as annual Christmas tree sales. His efforts were unsuccessful. In 1966, he conveyed his full ownership interest in the property to his son, Dr. Samuel Lieber, the present plaintiff. In 1982, Dr. Lieber filed the instant suit. Among the defendants was the DOTD.
In 1990, the plaintiff filed a motion for partial summary judgment, seeking a declaration that the right-of-way deed was invalid and null. The motion was denied. In 1993, he re-asserted the motion. At that time, the DOTD also filed a motion for partial summary *190 judgment, requesting that the document be declared valid.
In April of 1994, the trial court rendered a written opinion in which it ruled that the right-of-way deed was null and void. The trial court found that former LSA-R.S. 48:312, as enacted in 1944, required that all property rights acquired by the DOTD for limited-access facilities and service roads "shall be in fee simple." Furthermore, the trial court ruled that this statute superseded and repealed inconsistent language in LSA-R.S. 48:217 (enacted in 1942), which allowed the state to acquire any immovable property or the use thereof, including servitudes, for the right of way in any state highway system by expropriation, donation, purchase, exchange or lease. In so ruling, the trial court relied upon the position taken by the Department of Highways in State Through Dept. of Highways v. Barrow, 238 La. 887, 116 So.2d 703 (1959), which dealt with another tract involved in the same highway project. In its trial court pleadings in the Barrow case, the Department had contended that it was required under LSA-R.S. 48:312 to take the property of an uncooperative landowner in full ownership, rather than obtain a servitude or right of way.
Therefore, the plaintiff's motion for partial summary judgment was granted, and the DOTD's motion for partial summary judgment was denied.
The DOTD filed a writ application, which was converted into an appeal. The narrow issue presented for review in this appeal is whether the Department of Highways was authorized to take a servitude for a limited-access highway in 1953.

STATUTES
LSA-R.S. 48:217 was added by Acts 1942, No. 4, Section 47. It provided, in pertinent part:
The Department of Highways shall have the power and authority, without any competitive bidding, to acquire any and all immovable property, or the use thereof, including servitudes, lands, and improvements on lands, necessary for the right of way of any highway included in the State highway system or any appurtenance thereto or for any of the purposes of this Act, either by expropriation, as herein provided, by donation, by purchase, by exchange, or by lease. [Emphasis added.][2]
Former LSA-R.S. 48:312, pertaining to limited-access highways, was added by Acts 1944, No. 67, Section 5. Its relevant provisions stated:
For the purposes of this act, the Department of Highways of the State may acquire private or public property and property rights for limited-access facilities and service roads, including rights of access, air, view and light, by gift, devise, purchase, or condemnation in the same manner as it is now or hereafter may be authorized by law to acquire such property or property rights in connection with highways and streets. All property rights acquired under the provisions of this act shall be in fee simple.... [Emphasis added.][3]
For purposes of our discussion, Acts 1944, No. 67 contained two other noteworthy provisions, which provided in pertinent part:
Section 3. AUTHORITY TO ESTABLISH LIMITED-ACCESS FACILITIES. The Department of Highways of the State is hereby authorized to plan, designate, establish, regulate, vacate, alter, improve, maintain and provide limited-access facilities for public use wherever such authority is of the opinion that traffic conditions, present or future, will justify such special facilities: Provided, That within cities and villages such authority shall be subject to such municipal consent as may be provided by law. Said Department of Highways, in addition to the specific powers granted in this act, shall also have and may *191 exercise, relative to limited-access facilities, any and all additional authority now or hereafter vested in it relative to highways or streets within its jurisdiction. Said Department may regulate, restrict, or prohibit the use of such limited-access facilities by the various classes of vehicles or traffic in a manner consistent with Section 2 of this act. [Emphasis added.][4]
* * * * * *
Section 12. SEVERABILITY.... All laws or portions of laws inconsistent with the policy and provisions of this act are hereby repealed to the extent of such inconsistency in its application to limited-access facilities provided for in this act. [Emphasis added.]
Neither LSA-R.S. 48:217 nor LSA-R.S. 48:312 was amended before 1953, when the Department of Highways obtained the servitude on the Lieber property.

STATUTORY CONSTRUCTION
LSA-C.C. Art. 13 provides that "[l]aws on the same subject matter must be interpreted in reference to each other." When dealing with conflicting statutes on the same subject matter, this article makes it the court's duty to harmonize and reconcile the acts if possible. State in Interest of A.C., 93-1125 (La. 1/27/94), 643 So.2d 719.
Rules of statutory construction provide that where two statutes deal with the same subject matter, they should be harmonized if possible. However, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. Delta Development Company, Inc. v. Plaquemines Parish Commission Council, 451 So.2d 134, 138 (La.App. 4th Cir.1984), writ denied, 456 So.2d 172 (La.1984); State ex rel. Bickman v. Dees, 367 So.2d 283, 291 (La. 1978).
Where the later special statute is not irreconcilable with the general statute to the degree that both statutes cannot have a coincident operation, the general statute will not be repealed; the special statute will exist as an exception to its terms. Macon v. Costa, 437 So.2d 806, 813 n. 14 (La.1983). Furthermore, laws are presumed to be passed with deliberation and with full knowledge of all existing laws on the same subject. Winston v. Orleans Parish School Board, 545 So.2d 1174 (La.App. 4th Cir.1989), writ denied, 550 So.2d 631 (La.1989).
The court in Hayden v. Richland Parish School Board, 554 So.2d 164, 167 (La.App.2d Cir.1989), writ denied, 559 So.2d 124 (La. 1990), discussed statutory construction as follows:
The construction of a particular statute which creates a statutory inconsistency should be avoided when an interpretation can be adopted which will not do violence to the plain words of an act. The legislature is presumed to have enacted each statute with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of the statutory provision, therefore, is to be determined by a consideration of the statute in its entirety and all other laws on the same subject matter and a construction should be placed on the provision in question which is consistent with the express terms of the statute and with the obvious intent of the legislature in enacting it. It is reasonable to conclude therefore that the legislature, in passing a statute, did not intend to abrogate any prior law relating to the same subject matter unless the repugnancy between the two is irreconcilable. Prior laws are repealed by subsequent laws only in the case of positive enactment or clear repugnancy and nothing short of irreconcilable conflict between two statutes works a repeal by implication.

DISCUSSION
The DOTD argues that the trial court erred in finding that the right-of-way deed was invalid. It argues that LSA-R.S. 48:312 was only one method by which it was entitled *192 to take property for a highway project and that it was equally acceptable for the DOTD to obtain only a servitude instead of full ownership. In support of its argument, the DOTD refers to the wording of Acts 1944, No. 67, Section 3, specifically the following: "Said Department of Highways, in addition to the specific powers granted in this act, shall also have and may exercise, relative to limited-access facilities, any and all additional authority now or hereafter vested in it relative to highways or streets within its jurisdiction."
However, the plaintiff contends that Section 3 of the Act only pertained to the authority to "plan, designate, establish, regulate, vacate, alter, improve, maintain and provide" limited-access highways, not to the acquisition of property rights for such highways, which was discussed in Section 5. He also relies upon Section 12 of Acts 1944, No. 67, quoted supra, pertaining to the repeal of inconsistent laws.
We agree with the plaintiff and hold that the trial court properly found that LSA-R.S. 48:312, a special statute addressing limited-access highways, superseded LSA-R.S. 48:217, the general highway statute, and implicitly repealed its conflicting provisions insofar as they concerned limited-access highways. We are unable to harmonize the two provisions; to read them together essentially eliminates the mandate in LSA-R.S. 48:312 that "[a]ll property rights acquired under the provisions of this act shall be in fee simple." Section 3 of Acts 1944, No. 67 did not pertain to the acquisition of the property rights, which was fully covered in Section 5. Therefore, we find that the trial court was correct in finding that the DOTD lacked authority to acquire the servitude or right of way on the Lieber property.

RETROACTIVITY[5]
The DOTD also argues that LSA-R.S. 48:303, which was added in 1955 by the same act that repealed LSA-R.S. 48:312, should be given retroactive effect. As mentioned previously (see FN 3, supra,) this statute changed the law pertaining to the acquisition of property rights for limited-highways to allow highway authorities to "acquire any use of the property or the full ownership of it." Thus, the law pertaining to limited access highways was modified to conform with the general provisions of LSA-R.S. 48:217.
LSA-R.S. 1:2 provides that "[n]o Section of the Revised Statutes is retroactive unless it is expressly so stated." LSA-R.S. 1:2 is generally construed as being co-extensive with LSA-C.C. Art. 6, which provides that absent legislative expression, procedural and interpretive laws apply both prospectively and retroactively, while substantive laws apply prospectively only. Stelly v. Overhead Door Company of Baton Rouge, 94-0569 (La. 12/8/94), 646 So.2d 905; Rousselle v. Plaquemines Parish School Board, 93-1916 (La. 2/28/94), 633 So.2d 1235.
A two-fold inquiry is required by LSA-C.C. Art. 6. First, it must be ascertained whether the enactment expresses legislative intent regarding retrospective or prospective application. If such intent is expressed, the inquiry ends. If no such intent is expressed, the enactment must be classified as either substantive, procedural or interpretive. St. Paul Fire & Marine Insurance Company v. Smith, 609 So.2d 809 (La. 1992); Cole v. Celotex Corporation, 599 So.2d 1058 (La.1992); Rousselle v. Plaquemines Parish School Bd., supra.
"Substantive" laws either establish new rules, rights, and duties or change existing ones. St. Paul Fire & Marine Insurance Company v. Smith, 609 So.2d at 817; Perfect Equipment Corporation v. Louisiana Recycling, Inc., 26,986 (La.App.2d Cir. 5/10/95), 655 So.2d 698. "Procedural" laws describe the method of enforcing, processing, administering or determining rights, liabilities or status. Rollette v. State Farm *193 Mutual Automobile Insurance Company, 619 So.2d 832, 835 (La.App. 1st Cir.1993); State, Department of Transportation and Development v. Hellenic, Inc., 93-0870 (La. App. 1st Cir. 4/8/94), 636 So.2d 1004. If a statute merely prescribes the method of enforcing a right which previously existed or maintaining redress for invasion of rights, it is classified as procedural; whereas, if it creates a new obligation or right where none previously existed, it is substantive. River Cities Construction Company, Inc. v. Barnard & Burk, Inc., 444 So.2d 1260 (La.App. 1st Cir.1983), writs denied, 446 So.2d 1223, 446 So.2d 1226 (La.1984); Rollette v. State Farm Mutual Automobile Insurance Company, supra. "Interpretive" laws, on the other hand, do not create new rules, but merely establish the meaning that the interpreted statute had from the time of its enactment. Segura v. Frank, 93-1271 (La. 1/14/94), 630 So.2d 714. It is the original statute, not the interpretive one, that establishes the rights and duties. St. Paul Fire & Marine Insurance Company v. Smith, supra; Prejean v. Dixie Lloyds Insurance Co., 94-2979 (La. 5/22/95), 655 So.2d 303; Perfect Equipment Corporation v. Louisiana Recycling, Inc., supra.
In the present case, the legislative act establishing LSA-R.S. 48:303 gave no indication that the legislature intended it to be retroactive. Consequently, we must classify the statute as either substantive, procedural or interpretive. It is plainly not interpretive, as the prior statute did not permit the Department of Highways to take a servitude when acquiring property for a limited-access highway. Nor can the statute be classified as procedural since it goes beyond affecting a mere "method" by which the Department of Highways could proceed. LSA-R.S. 48:303 is a substantive law which altered the rights and obligations of the Department of Highways, which was previously mandated to take property for a limited-access highway in full ownership.
Therefore, we find that LSA-R.S. 48:303 is not to be applied retroactively.

NULLITY
The trial court declared the right-of-way deed null and void on the basis of LSA-C.C. Art. 2030, which declares a contract absolutely null when it violates a rule of public order and provides that such a contract cannot be confirmed. The DOTD argues that, since LSA-C.C. Art. 2030 did not exist in 1953 when the contract was executed, the trial court erred in applying it to the instant case.
LSA-C.C. Art. 2030 in its present form was added as part of the 1984 Obligations Revision. The Revision Comment to the article specifies that while it was new, it did not change the law and codified the jurisprudential rule that a contract contravening public order is absolutely null. Courts have interpreted the prohibition against contracts "contrary to public order" as including a violation of a state statute. Wynne v. New Orleans Clerks and Checkers Union, Local 1497, International Longshoremen's Association, AFL-CIO, 550 So.2d 1352 (La.App. 4th Cir.1989), writ denied, 558 So.2d 1125 (La.1990). Furthermore, according to LSA-C.C. Art. 2032, an action for annulment of an absolutely null contract does not prescribe.
Therefore, we find no error on the part of the trial court in declaring the contract null and void. See Johnson v. Kilpatrick, 569 So.2d 669 (La.App. 2d Cir.1990).

CONCLUSION
For the reasons expressed above, the judgment of the trial court is affirmed. The case is remanded to the trial court for further proceedings. To the extent permitted by law, costs are assessed against the appellant, the DOTD.
AFFIRMED.
NOTES
[1] In brief, the DOTD acquiesced, for purposes of the cross-motions for partial summary judgment, that the 2.09 acre-tract was necessary for use by the state in construction of a limited-access highway.
[2] Although subsequently amended on several occasions, LSA-R.S. 48:217 still contains essentially the same language as quoted.
[3] This statute was repealed by Acts 1955, No. 129. That act added LSA-R.S. 48:303, which allows highway authorities to "acquire any use of the property or the full ownership of it" for controlled-access facilities; this statute will be discussed further, infra.
[4] This section eventually became part of LSA-R.S. 48:301. No case has construed the relevant, highlighted language.
[5] The plaintiff argues that the retroactivity of LSA-R.S. 48:303 should not be addressed by this court because the DOTD did not present the issue before the trial court. While we acknowledge that the issue was only marginally presented in the trial court, and the trial court did not specifically address the matter in its written opinion or judgment, we consider the DOTD's argument in the interest of justice.