McCLENDON, J.
A retiree seeks review of a trial court judgment that granted the Firefighters' Retirement System's motion for summary judgment and dismissed the retiree's suit that sought to remove a beneficiary from his retirement plan. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Alvin Langsford was employed as a firefighter by the City of Kenner Fire Department from December 3, 1984 until April 9, 2009. On March 6, 2012, the Firefighters' Retirement System ("FRS") sent Mr. Langsford correspondence that the FRS would commence payment of his retirement benefit when Mr. Langsford turned fifty on April 23, 2012. The FRS enclosed a "Retirement/DROP/IBO Application" that required Mr. Langsford to select a retirement benefit option. The correspondence instructed Mr. Langsford to review and complete the application and return it to the FRS.
Mr. Langsford completed and submitted his application on March 16, 2012, electing "Option 3" and designating Luciene Pessoa DaSilviera as the beneficiary of 50% of his retirement benefit after his death. At the time of the election, Mr. Langsford and Ms. DaSilviera were engaged to be married. Next to his election, Mr. Langsford made the following acknowledgement below which he signed his name: "I hereby acknowledge that my option selection on this application is irrevocable and I cannot change my decision later." Below the referenced acknowledgement, Mr. Langsford executed an affidavit where he recognized that he was not married at the time of the election and that his retirement benefit would be reduced.
Mr. Langsford received his first benefit payment in May 2012. Subsequently, according to Mr. Langsford, he and Ms. DaSilviera amicably broke off their engagement. Mr. Langsford then contacted the FRS to request that Ms. DaSilviera be deleted as the Option 3 beneficiary. On September 20, 2012, the FRS denied Mr. Langsford's request, noting that the Application clearly stated that "The beneficiary MAY NOT be changed after retirement/DROP effective date."
In July 2014, Mr. Langsford filed a Petition, naming the FRS as defendant, and seeking, among other things, a declaratory judgment and mandatory injunction *730 ordering the FRS to pay benefits at the actuarially appropriate rate under the election as sole beneficiary under the plan.
Subsequently, the FRS moved for summary judgment on the grounds that Mr. Langsford's selection of Option 3 was irrevocable given that the time period for modification under the relevant statute had passed. In opposition to FRS's motion for summary judgment, Mr. Langsford asserted that there was neither a constitutional nor statutory prohibition to the FRS effecting his request to delete the beneficiary.
Following a hearing, the trial court granted the FRS's motion for summary judgment. On October 12, 2016, the trial court signed a judgment dismissing Mr. Langsford's claims against the FRS. Mr. Langsford has appealed, asserting that the trial court erred in concluding that his election of a beneficiary under Option 3 was irrevocable.
DISCUSSION
When summary judgment is granted in the context of statutory interpretation, there are no material issues of fact in dispute and the sole issue before us is a question of law as to the correct interpretation of the statute at issue. GameStop, Inc. v. St. Mary Parish Sales and Use Tax Dep't, 14-0878 (La.App. 1 Cir. 3/19/15), 166 So.3d 1090, 1094, writ denied. 2015-0783 (La. 6/1/15), 171 So.3d 929.
Relevant hereto, Louisiana Revised Statutes 11:2256, applicable to the FRS, provides that "[a]ny member who has completed twenty or more years of creditable service and who leaves employment covered by this system before attaining age fifty ... may select, at any time prior to thirty days before the date that benefits are scheduled to commence to the member, any optional retirement allowance as provided for in R.S. 11:2259."[1] LSA-R.S. 11:2256A(3). Further, "within the same time period allowed above [i.e., thirty days before the date that benefits are scheduled to commence to the member], the member may change the option selected or the beneficiary of the option selected." LSA-R.S. 11:2256A(3).
On appeal, Mr. Langsford contends that the trial court erred in concluding that he could not delete Ms. DaSilviera as beneficiary. Mr. Langsford contends that no provision found in either LSA-R.S. 11:2256 or 11:2259 indicates that the optional *731 retirement allowance is "irrevocable." Rather, Mr. Langsford asserts that those statutes provide a procedure for the election of the "optional allowance," but the election itself is completely voluntary on the part of the member-beneficiary.
Mr. Langsford notes that his right to a pension benefit is a property right. See Frazier v. Harper, 600 So.2d 59, 62 (La. 1992). Mr. Langsford also notes that as a statewide retirement system, membership in the FRS constitutes a contractual relationship between employee and employer. LSA-Const. art. 10, § 29 (B). Mr. Langsford avers that viewed simply as a "contract," the FRS's insistence on "irrevocability" must fail because the express terms of the contract do not call for same. Mr. Langsford also urges that there is no administrative law or rule mandating irrevocability. Mr. Langsford claims that the FRS's position on the "irrevocability" of the beneficiary election in this case is based solely upon a practice grounded in convenience and where, as here, the requested deletion of a beneficiary would have no actuarial effect upon the system, the FRS's refusal to permit the deletion of the beneficiary consenting to same is an unwarranted impingement on a pensioner's property rights.[2]
Moreover, Mr. Langsford asserts that the member-beneficiary selection clause is a donation inter vivos. As such, Mr. Langsford avers that it can be revoked because of non-fulfillment of a condition, i.e. the failure of Mr. Langsford and Ms. DaSilviera to get married. See LSA-C.C. art. 1556.[3] Mr. Langsford contends that while it would not be reasonable for the FRS to inquire into the motivating factors of every beneficiary election, it is reasonable to insist that it provide a rational method to correct elections made under error of fact or law. He further points out that LSA-R.S. 11:2256.1 permits the removal of an ex-spouse beneficiary.
The interpretation of any statutory provision starts with the language of the statute itself. Oubre v. Louisiana Citizens Fair Plan, 11-0097 (La. 12/16/11), 79 So.3d 987, 997. When the provision is clear and unambiguous and its application does not lead to absurd consequences, its language must be given effect, and its provisions must be construed so as to give effect to the purpose indicated by a fair interpretation of the language used.
*732 LSA-C.C. art. 9 ; LSA-R.S. § 1:4 ; Oubre, 79 So.3d at 997. Unequivocal provisions are not subject to judicial construction and should be applied by giving words their generally understood meaning. LSA-C.C. art. 11 ; LSA-R.S. § 1:3 ; Oubre, 79 So.3d at 997. Laws on the same subject matter must be interpreted in reference to each other. LSA-C.C. art. 13.
Further, the meaning and intent of a law is determined by considering the law in its entirety and all other laws on the same subject matter and placing a construction on the provision in question that is consistent with the express terms of the law and with the obvious intent of the legislature in enacting it. In re Succession of Boyter, 99-0761 (La. 1/7/00), 756 So.2d 1122, 1129. The statute must therefore be applied and interpreted in a manner which is consistent with logic and the presumed fair purpose and intention of the legislature in passing it. Id. Courts should give effect to all parts of a statute and should not give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided. Id.
Louisiana Revised Statutes 11:2256A(3) provides the manner for changing retirement options and beneficiary designations so long as they are done within "thirty days before the date that benefits are scheduled to commence." Mr. Langsford has pointed to no other statutory provision that permits removal of a beneficiary other than for ex-spouses. Moreover, there is no other time period set forth in the FRS scheme within which a beneficiary can be removed.
The preclusive effect of failing to change the beneficiary designation prior to the prescribed time is evidenced by the fact that the Legislature found it necessary to create an express exception in LSA-R.S. 11:2256.1. The exception allows an FRS retiree to remove a former spouse as beneficiary and restore the retiree's lifetime benefits at any time. Louisiana Revised Statutes 11:2256.1 provides, in pertinent part:
A. Notwithstanding any other provision of law to the contrary, any retiree may remove a former spouse as a beneficiary of any benefits paid or payable to the former spouse from this system, provided the former spouse consents to such removal and the consent is evidenced by a certified court order issued in connection with a divorce proceeding relative to the retiree and former spouse.
B. The benefit payable to any retiree who provides for removal of a former spouse as a beneficiary pursuant to Subsection A of this Section shall be restored to the maximum amount payable under R.S. 11:2256(A)(4), less any reduction required to account for the time that the former spouse was a beneficiary.
If LSA-R.S. 11:2256A(3) allowed FRS retirees to modify their selection after the time for doing so as dictated by the statute expired, then LSA-R.S. 11:2256.1 would be rendered unnecessary and superfluous.[4]
Further, despite Mr. Langsford's assertion that the codal articles on donations inter vivos should allow him to change the designated beneficiary given that he did not marry Ms. DaSilviera, the FRS statutes are more specific to this situation and control. See Teachers' Retirement System of Louisiana v. Vial, 317 So.2d 179 (La. 1975). In Vial, the decedent's daughter claimed that the disbursement *733 of death benefits under the statutes governing the teacher's retirement system violated the rules in the Civil Code on donations, which prescribe various forms that the gift must assume in order to be valid. In rejecting this argument, the court noted:
However, where two statutes are in conflict, the statute that is more specifically directed to the matter at issue must prevail as an exception to the statute that is more general in character. Hence, the statutory method by which teachers' retirement death benefits are assigned constitutes an exception to the Civil Code requirements of form ordinarily applicable to donations, and, as such, the assignment is not subject to attack as a donation invalid for want of form. (Footnote omitted.)
317 So.2d at 183. As such, LSA-R.S. 11:2256A(3) controls under these circumstances.
Even so, Mr. Langsford asserts that the FRS failed to demonstrate that his request to delete the beneficiary would result in actuarial unsoundness of the system. Mr. Langsford avers that options adding beneficiaries result in the division of the pension benefit pie that would otherwise go wholly to the retiree. He contends that removal of a beneficiary does not result in a bigger pension for a retiree. However, given our interpretation of LSA-R.S. 11:2256A(3), we need not address actuarial soundness.[5]
While we appreciate Mr. Langsford's position and the inequity of the situation, we are constrained by the plain statutory language. Although the Legislature has allowed a retiree to remove a former spouse as beneficiary, it has not made any exception for this factual scenario. If any further exceptions are to be carved out, such should be accomplished legislatively.
CONCLUSION
For the foregoing reasons, we affirm the trial court's October 12, 2016, judgment. Costs of this appeal are assessed to appellant, Alvin Langsford.
AFFIRMED.

Louisiana Revised Statutes 11:2259A(1) provides four optional allowances to choose from in lieu of the regular retirement benefit as follows:
Option 1. If he dies before he has received in member's annuity payments the present value of his member's annuity as it was at the time of his retirement, the balance shall be paid to such person as he shall nominate by written designation duly acknowledged and filed with the board of trustees; or
Option 2. Upon his death, his reduced retirement allowance shall be continued throughout the life and paid to such person as he shall nominate by written designation duly acknowledged and filed with the board of trustees at the time of his retirement; or
Option 3. Upon his death, one-half of his reduced retirement allowance shall be continued throughout the life of and paid to such person as he shall nominate by written designation duly acknowledged and filed with the board of trustees at the time of his retirement; or
Option 4. Some other benefit or benefits shall be payable to any or all of the following persons: the member, the member's spouse, the member's child or children with a permanent mental or physical disability, or the member's dependent minor child or children as he shall nominate, provided such other benefit or benefits, together with the reduced retirement allowance, shall be certified by the actuary to be of equivalent value to his retirement allowance and approved by the board of trustees.

We note that the Legislature charged the FRS Board of Trustees with "[t]he general administration and responsibility for the proper operation of the retirement system and for making effective the provision of this Chapter." LSA-R.S. 11:2260. According to Jason P. Starns, Benefits Manager for the FRS who has worked for the system since 1998, the FRS Board of Trustees has "interpreted and applied the election of benefit options listed in La. R.S. 11:2259 as being irrevocable after 30 days before a member's retirement benefits commence, i.e., the member's retirement date." Mr. Starns indicated that the Board of Trustees "has never made an exception to this rule" during his tenure. Additionally, we note that LSA-R.S. 11:2259 was recently amended to provide that "[t]he nomination made pursuant to Option 2, Option 3, or Option 4 ... is irrevocable on and after the date that the first of any benefit payments become due." LSA-R.S. 11:2259A(2), as amended by 2017 La. Acts No. 21. The 2017 Regular Session Actuarial Note to the amendment makes clear that the bill "merely codifies into law the FRS' interpretation that the beneficiary election under Option 2, 3, and 4 is irrevocable."

Louisiana Code of Civil Procedure article 1556 provides:
A donation inter vivos may be revoked because of ingratitude of the donee or dissolved for the nonfulfillment of a suspensive condition or the occurrence of a resolutory condition. A donation may also be dissolved for the nonperformance of other conditions or charges.

Additionally, Louisiana Revised Statutes 11:2259B provides an additional exception that allows a member who is single at the time of his retirement, but later marries, to select an option for his new spouse.

Mr. Langsford has not asserted that any portion of LSA-R.S. 11:2256 is unconstitutional.